## BIRKS v. UNITED FRUIT CO.; Inc.

District Court, S. D. New York.
Nov. 13, 1930.

See also 48 F.(2d) 655.

Allen Caruthers, of New York City, for plaintiff.

W. Dale Williams, of New York City, for defendant.

BONDY, District Judge.

This is a motion to dismiss the second amended complaint on the ground that it does not state facts sufficient to constitute a cause of action, and on the further ground that the alleged cause of action is barred by the statute of limitations.

The first amended complaint which was dismissed by Judge Coxe is stated to have alleged that the crew of a vessel owned and operated by the defendant, willfully and wantonly stabbed and assaulted plaintiff's intestate, the master, and that he was either thrown from the ship, or in his helpless condition fell therefrom into the high seas and lost his life.

In the second amended complaint this last clause has been changed to read, "or in his helpless condition from such assault, fell therefrom by reason of the faulty construction of the ship into the high seas."

The second amended complaint further alleges that the defendant failed to provide a seaworthy ship, in that among the crew there were men of vicious and criminal propensities to the imminent danger of the passengers and other members of the crew.

If, as is plaintiff's contention, the action is based on the statutes of the State of New York, it must be dismissed because the Merchant Marine Act 1920, § 33 (46 USCA § 688), so far as applicable, supersedes all state legislation. Lindgren v. United States, 281 U. S. 38, 50 S. Ct. 207, 74 L. Ed. 686.

It cannot be regarded as having been brought under the Death on High Seas Act, § 1 (46 USCA § 761), because the action is at law.

It cannot be sustained on the theory that the vessel was unseaworthy because under the Merchant Marine Act no right of action survives the death of a seaman by reason of unseaworthiness. Lindgren v. United States, supra.

Nor can it be sustained on the theory of negligence. Though an assault by a foreman on a stevedore to hurry the stevedore in his work may be held to have taken place in the course of employment and in furtherance of the master's business, Jamison v. Encarnacion, 281 U. S. 635, 50 S. Ct. 440, 74 L. Ed. 1082, a felonious assault cannot be held to have taken place in the course of employment or in the furtherance of the master's business when it is committed by the crew upon the master, whom the crew must obey. Davis v. Green, 260 U. S. 349, 43 S. Ct. 123, 67 L. Ed. 299.

The allegation that members of the crew had felonious and criminal propensities does not sustain a cause of action in negligence in the absence of an allegation that the defendant knew of these propensities or had knowledge of facts putting it on notice. See The Rolph (C. C. A.) 299 F. 52, certiorari denied 266 U. S. 614, 45 S. Ct. 96, 69 L. Ed. 468.

Nor is there a sufficient allegation that the injuries were caused by the negligent construction of the ship in the statement in the alternative that plaintiff's intestate "was either thrown from said S. S. 'Tivives' by the agents, servants and employees of defendant, or, in his helpless condition from such assault, fell therefrom by reason of faulty construction of said ship into the high seas, and lost his life."

The objection to the complaint on the ground of the statute of limitations also seems to be well taken. The original complaint apparently was based on the right to recover for the willful misconduct of the crew in assaulting the master. Basing the amended complaint on unseaworthiness or on negligence in providing a crew among whom were men of felonious and criminal propensities, or in providing a ship that was improperly constructed, constitutes in legal effect a change in the cause of action. See D'Allesandro v. United Marine Contracting Corp. (D. C.) 30 F.(2d) 718.

The motion to dismiss accordingly must be granted with usual leave to amend.