## ECHAVARRIA v. ATLANTIC & CARIBBEAN STEAM NAV. CO.

### No. 6279.

District Court, E. D. New York.

April 3, 1935.

Leon A. Brody, of New York City (Simon Goldman, of New York City, of counsel), for plaintiff.

Bigham, Englar, Jones & Houston, of New York City (George S. Brengle and John L. Quinlan, both of New York City, of counsel), for defendant.

MOSCOWITZ, District Judge.

This is a motion by the defendant brought on pursuant to rule 107 of the Rules of Civil Practice of the state of New York for judgment dismissing the complaint herein.

The action is for damages resulting to plaintiff and his daughter through the alleged negligence of the defendant in caus-ing the death of Sila Echavarria. In substance, the complaint alleges that the plaintiff is the duly qualified administrator of the estate of the deceased; that he is a citizen and resident of the state of New York, and the defendant is a corporation organized and existing under the laws of the state of Delaware; that on the 11th day of December, 1933, the deceased was a passenger aboard defendant's steamship the steamship Carabobo, and while seated in a chair which defendant had negligently failed to secure and fasten she was thrown therefrom and received injuries which subsequently caused her death. The accident is stated to have occurred while the vessel was on the high seas bound for New York. At the time of her injury the deceased was a citizen of Puerto Rico.

Plaintiff asserts that the Delaware state death statute governs his right to recovery herein. The statute (Rev. Code 1915) provides:

"4155. Sec. 3. *Personal Injury Actions; Who May Prosecute; Death by Unlawful Violence or Negligence, Who May Sue:*—No action brought to recover damages for injuries to the person by negligence or default, shall abate by reason of the death of the plaintiff; but the personal representatives of the deceased may be substituted as plaintiff and prosecute the suit to final judgment and satisfaction.

"Whenever death shall be occasioned by unlawful violence or negligence, and no suit be brought by the party injured to recover damages during his or her life, the widow or widower of any such deceased person, or, if there be no widow or widower, the personal representatives, may maintain an action for and recover damages for the death and loss thus occasioned. 13 Del. Laws, Ch. 31; 22 Del. Laws, Ch. 210."

The defendant points to the Federal Death Act of 1920 (46 USCA §§ 761 and 767) and claims that its provisions are exclusive to the extent that actions such as the present are maintainable solely in admiralty. The statute provides:

"Section 761. *Right of Action; Where and by Whom Brought.* Whenever the death of a person shall be caused by wrongful act, neglect, or default occurring on the high seas beyond a marine league from the shore of any State, or the District of Columbia, or the Territories or dependencies of the United States, the personal representative of the decedent may maintain a suit for damages in the district courts of

the United States, in admiralty, for the exclusive benefit of the decedent's wife, husband, parent, child, or dependent relative against the vessel, person, or corporation which would have been liable if death had not ensued. (Mar. 30, 1920, c. 111, § 1, 41 Stat. 537.)  \* \* \*

"§ 767. *Exceptions from Operation of Chapter.* The provisions of any State statute giving or regulating rights of action or remedies for death shall not be affected by this chapter. Nor shall this chapter apply to the Great Lakes or to any waters within the territorial limits of any State, or to any navigable waters in the Panama Canal Zone. (Mar. 30, 1920, c. 111, § 7, 41 Stat. 538.)"

Whatever support plaintiff finds in decisions such as The Hamilton, 207 U. S. 398, 28 S. Ct. 133, 52 L. Ed. 264, it must be remembered that Congress had not then passed legislation relating to the subject of death upon the high seas. The rule announced in The Hamilton afforded some escape from the settled doctrine that the general maritime law as applied in the United States gave no right of action for the death of a human being caused by negligence. The Harrisburg, 119 U. S. 199, 7 S. Ct. 140, 30 L. Ed. 358. The fiction of ship territoriality as applied in The Hamilton "conformed the law to current conceptions of social ideality." Legal Adjustments of Personal Injury in the Maritime Industry, 44 Harvard Law Review, 223, 237. The fiction, however, attained vitality so long as Congress remained silent upon the subject.

With the enactment of the Federal Death Act, the conclusion cannot be avoided that the death statutes of the several states were superseded so far as they had been theretofore applied to death on the high seas.

It is clear that the Congress could pass such an act under its power to regulate commerce and in pursuance of the constitutional provision extending the judicial power of the government to all cases of admiralty and maritime jurisdiction.

Section 7 of the act (46 USCA § 767) indicates a carefully devised congressional plan to leave unaffected the operation of state death statutes over waters within one league of shore. Section 1 (46 USCA § 761) makes no mention of the state statutes, and there is implied in that omission the congressional intent that their operative

force with respect to torts committed more than three miles from land be ended. The state statutes, diverse in their terms and conflicting in remedies, afforded a poor substitute for a uniform act which Congress alone could legislate. They applied, none the less, upon the theory that the states could enact laws creating rights concerning a subject within the domain of the paramount authority of Congress to legislate so long as Congress failed to enact a statute relating to the same subject. In view of the congressional action, they can no longer be applied to American ships on the high seas.

The motion is granted.