**EGAN, Public Administrator, v. DONALDSON ATLANTIC LINE, Ltd., et al.**

**FISHER v. SAME.**

District Court, S. D. New York.

Jan. 20, 1941.

Haight, Griffin, Deming & Gardner, of New York City (David L. Corbin, of New York City, of counsel), for plaintiffs.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City (Vernon S. Jones and Walter X. Connor, both of New York City, of counsel), for defendants.

## GODDARD, District Judge.

· These are two motions to dismiss the complaints in the above entitled actions which are brought to recover damages for wrongful death. The two motions are based on substantially identical facts, and the same question of law is presented in each motion. Each of the complaints purports to allege a cause of action at common law under Lord Campbell's Act (9th and 10th Victoria, ch. 93, and amendments thereof) for the death of a passenger whose life was lost on the British Steamship Athenia, which sank off the coast of Ireland on September 3, 1939. Prior to these motions the Donaldson Atlantic Line, Ltd., as owner of the vessel, filed a petition for limitation of liability, which is now pending.

The two plaintiffs herein, after having filed claims in the limitation proceeding, sought and were granted permission to institute independent proceedings upon the theory that their rights of action under Lord Campbell's Act were not subject to limitation of liability.

The defendants contend that as Title 46 U.S.C.A. § 764 is invoked by plaintiffs to defeat defendants' right to limit liability, the same section confines plaintiffs to an "appropriate action in admiralty". Section 764 states "Whenever a right of action is granted by the law of any foreign State on account of death by wrongful act, neglect, or default occurring upon the high seas, such right may be maintained in an appropriate action in admiralty in the courts of the United States without abatement in respect to the amount for which recovery is authorized, any statute of the United States to the contrary notwithstanding." (March 30, 1920, c. 111, § 4, 41 Stat. 537).

From a reading of this section, it appears that the right to sue without limitation of liability is applicable only to suits in admiralty. The Circuit Court of Appeals. Ninth Circuit, in The Silverpalm, 79 F.2d 598, at page 600, has so construed section 764, stating: "Furthermore, it [lower court order] affirmatively purports to permit the administrators 'to file suit in personam at law,' although 46 U.S.C.A. § 764, supra, permits suits under foreign law for such deaths only to be 'maintained in an appropriate action in admiralty' ".

Plaintiffs concede that in construing section 761, the companion section of section 764, the word "may" used therein is mandatory and not permissive. Echavarria v. Atlantic & Caribbean Steam Nav. Co., D. C., 10 F.Supp. 677; Birks v. United Fruit Co., Inc., D.C., 48 F.2d 656. It would appear that a similar construction should be given. to Section 764 in actions where the plaintiffs are utilizing the section to avoid limitation of liability. No sound reason exists for construing these two sections differently.

Plaintiffs cite Powers v. Cunard Steamship Company, Ltd., D.C., 32 F.2d 720, and The Saturnia[1] in support of their right to sue at law. These cases do not pass upon the question now presented; they merely hold that the Death on the High Seas Stat-

---

[1] No opinion for publication.

ute does not bar other remedies formerly available. They do not purport to determine the rights of a party to sue under Section 764 at law or in admiralty. The same court that decided the Powers case construed the word "may" in Section 761 as mandatory and not as permissive. Birks v. United Fruit Co., supra.

The plaintiffs further oppose this motion on the ground that the orders granting them the right to sue do not limit their suits to actions in admiralty, and that these orders are not subject to collateral attack. In answer to this, it is to be observed that those orders do not expressly permit suits at law so that the question of collateral attack does not arise.

I am of the opinion that where a plaintiff is suing for damages resulting from death upon the high seas under a foreign death statute such as Lord Campbell's Act and wishes to avoid limitation of liability by invoking Title 46 U.S.C.A. § 764, admiralty is the exclusive forum in which such plaintiff may assert his rights.

The complaints are dismissed with leave to institute appropriate proceedings in admiralty.