THE FOUR SISTERS.
Petition of RESEVITZ.

No. 1119.

District Court, D. Massachusetts.

Oct. 8, 1947.

Bingham, Dana & Gould, of Boston, Mass., for petitioner.

Harry Kisloff, of Boston, Mass., for Weston Ellsworth Esau, administrator, claimant.

FORD, District Judge.

On February 8, 1945, Weston Ellsworth Esau, acting as administrator of the estate of Ellsworth Esau, commenced an action at law against Abram H. Resevitz, owner of the fishing vessel Four Sisters, for the death of plaintiff's son while a seaman on a

voyage of the Four Sisters. Resevitz filed a petition on February 26, 1945 for limitation of and exoneration from liability; the vessel and pending freight were appraised at $21,225.61; and stipulation of that amount with interest and costs was filed on March 15, 1945. The court restrained the commencement or prosecution of all actions arising from the voyage of the Four Sisters, and appointed a commissioner to receive claims until May 4, 1945 (later extended to June 4, 1945). Weston E. Esau answered the petition on June 4, denying many of the allegations thereof; asking $35,000 for the father, brother, and sister of Ellsworth Esau and asserting a claim for conscious suffering; conceding the limitation of liability; and requesting modification of the monition to permit claimant to proceed at law.

Weston E. Esau, as administrator, also filed a claim before the commissioner, reiterating his claim as embodied in the answer to the petition.

On September 11, 1945, Weston E. Esau moved to modify the restraining order to permit him to proceed at law on the civil side of the court. Proctors for the petitioner Resevitz assented, the order was modified, and claimant proceeded with his action before a jury in October, 1945. At the trial, counsel for claimant stated that he would offer proof of pecuniary loss to the father and the sister of decedent. The court ruled that recovery under the Jones Act, 46 U.S.C.A. § 688, when decedent left a parent and a sister surviving him is limited to pecuniary loss to the parent; that pecuniary loss to both the parent and sister was within the measure of damages provided by the Death on the High Seas Act, 46 U.S.C.A. § 761; that jurisdiction under the Death on the High Seas Act was exclusively in admiralty, but that claimant could proceed in law under the Jones Act. When, at the trial, claimant offered proof of pecuniary loss to the sister, upon objection by the petitioner, the evidence was rejected by the court, and plaintiff excepted to the ruling. Claimant had a verdict of $3125 for pecuniary loss to the father and $500 for conscious suffering and judgment was entered. Costs were stipulated and execution issued in the amount of $3861.67, which amount was paid to the claimant.

Claimant now seeks to recover for pecuniary loss to Alice Esau Souza, sister of the decedent, on the admiralty side of the court. Petitioner moves for dismissal of the claim.

The question on this motion to dismiss is whether claimant's recovery under the Jones Act for the father on the law side of this court now bars recovery for the sister under the Death on the High Seas Act in admiralty. I think it does not.

■ 1. Counsel for petitioner Resevitz urge that the personal representative of decedent has no residual claim under the Death on the High Seas Act, after his recovery under the Jones Act, and that "the seaman's representative may not have a double recovery for the same death." This may be true under some circumstances, but is inapropos here. Weston E. Esau does not seek a double recovery for the same death. As administrator of the estate of decedent, he has a cause of action for the benefit of himself as father of decedent under the Jones Act. Pecuniary losses to the sister of decedent are not cognizable under the Jones Act when the father is alive. See 45 U.S.C.A., § 51, which is incorporated by reference into the Jones Act. The personal representative recovers as trustee for the designated survivors, and not for the estate of decedent. If there is no survivor, no action can be maintained for the death. Lindgren v. United States, 281 U.S. 38, 50 S.Ct. 207, 74 L.Ed. 686. The group of beneficiaries under the Death on the High Seas Act includes the "decedent's wife, husband, parent, child, or dependent relative." 46 U.S.C.A. § 761. "The recovery in such suit shall be a fair and just compensation for the pecuniary loss sustained by the persons for whose benefit the suit is brought * * *." 46 U.S.C.A. § 762. Under § 762, the administrator can recover in admiralty for pecuniary loss to the sister of the decedent.

■ The Death on the High Seas Act does not give merely a remedy alternate to that given under the Jones Act. It appears that by enacting this section, Congress was also affording a remedy for an

additional class of beneficiaries. The petitioner here cannot successfully maintain that the claimant seeks a double recovery for the same death by proceeding at law under the Jones Act for the father and in admiralty under the Death on the High Seas Act for the sister, rather than proceeding in admiralty under the Death on the High Seas Act for the benefit of both father and sister. What the administrator does seek is a recovery for the harm done to two classes of beneficiaries. The fact that the claims are made in the name of the personal representative in both cases does not belie the fact there are two claims. A single tortious act may give rise to separate and distinct claims, e. g., a driver of an automobile, by a single negligent act, may injure two distinct persons. The recovery in the case here is not for the death; it is for damages suffered by two separate persons as a result of petitioner's negligence. Though the actions under both the Jones Act and the Death on the High Seas Act must be brought by the personal representative of decedent, this should not be permitted to obscure the fact that he represents separate claims. And the result reached by the claimant by proceeding under the separate acts for different classes of beneficiaries is exactly the result which could be reached in admiralty, namely, a recovery for both father and sister, which the petitioner concedes could be done in admiralty.

The personal representative recovers in behalf of the beneficiaries rather than for the estate. Clearly he cannot bar one class of beneficiaries, dependent relatives, from their right to recovery under the Death on the High Seas Act by "electing" to sue in behalf of another class of beneficiaries under the Jones Act. This case demonstrates how unfair such an interpretation would be. The personal representative is the father of the decedent; he considers it advantageous to himself to have a jury trial under the Jones Act. Then should his advantage in successfully securing a jury trial and recovering cut off the rights of other classes entitled to recover for their pecuniary loss? I think that the question answers itself. In the absence of compelling authority, I cannot say that recovery under the Jones Act is an election of one remedy for a claim in preference to another remedy for the same claim, nor that it bars recovery by other classes of beneficiaries under the Death on the High Seas Act. If we should assume that the father and sister, having adverse interests with respect to their separate claims, were represented by separate counsel, then could counsel representing the father bar the claim of the sister in admiralty by securing a recovery at law? Certainly an election could not be claimed under these circumstances.

2. It is urged by counsel for petitioner that even if there exists a residual claim of the personal representative in behalf of the sister, he may not now proceed in the limitation action to assert it. The argument adduced is that the statutes limiting shipowners' liability (46 U.S.C.A. §§ 183–185, as amended) require a consolidation of all claims in admiralty (Providence & New York S. S. Co. v. Hill Mfg. Co., 109 U.S. 578, 3 S.Ct. 379, 617, 27 L.Ed. 1038), except where there is only one claim and the limitation of liability is not contested, in which event claimant has a right to a jury trial. Langnes v. Green, 282 U.S. 531, 51 S.Ct. 243, 75 L.Ed. 520 and Ex parte Green, 286 U.S. 437, 52 S.Ct. 602, 76 L.Ed 1212. By pressing for a jury trial under the doctrine of Langnes v. Green, supra, claimant is said to have waived any other claims which he might have had in addition to his claim in behalf of the father, because Langnes v. Green informed him that a plurality of claims must necessarily be tried in admiralty.

It is true that one of the objects of the limitation of liability statutes is to bring into concourse a multiplicity of claims arising from the same event and to avoid successive trials in which the issue of negligence is the same. Hartford Accident & Indemnity Co. v. Southern Pacific Co., 273 U.S. 207, 47 S.Ct. 357, 71 L.Ed. 612. And, where there is a plurality of claims, an admiralty court will hear a petition for limitation and order the removal of all cases out from the state courts and into a consolidated action in the admiralty tribunal. The admiralty court will then settle both the liability and the limitations ques-

tion involved. Providence & New York S. S. Co. v. Hill Mfg. Co., supra; Robinson on Admiralty, p. 885. But the advantages of consolidation or concourse should be claimed by the shipowner. The burden is not upon the claimants to secure to the shipowner this advantage.

■ The petitioner in the limitation proceeding (Adm. No. 1119) assented to the order dated October 18, 1945, modifying the restraining order to allow the plaintiff in Civil Action No. 3326 to proceed with that action for the purpose of determining at law the liability and the amount of damages. The petitioner knew then that the report of the commissioner with respect to claims (filed June 5, 1945) stated that Weston Ellsworth Esau, administrator of the estate of Ellsworth Esau, filed a claim for the benefit of both the father and sister of the deceased, and it is assumed by the court the petitioner knew of the doctrine stated in Providence & New York S. S. Co. v. Hill Mfg. Co., and in Langnes v. Green, supra. The petitioner made no attempt to have the claims for the benefit of the father and sister remain in admiralty under the rule of the cases cited. In fact, the petitioner assented to a modification of the restraining order to allow the administrator to proceed at law. Whether this was through inadvertence, this court has no means of knowing.

When the matter came on for trial, the petitioner objected to the plaintiff-administrator's presenting any evidence of the pecuniary loss of the sister under the provisions of the Death on the High Seas Act, 46 U.S.C.A. § 761. Petitioner took the position that he had no objection to the administrator's proceeding under the Jones Act for damages for the father of the deceased, but that if the sister were to recover, she could do so only in admiralty. The court ruled under the circumstances that the administrator could proceed at law under the Jones Act for damages for the pecuniary loss to the father but could not proceed at law to recover on behalf of the sister the pecuniary loss she suffered as the result of her brother's death. Middleton v. Luckenbach S. S. Co., 2 Cir., 70 F.2d 326; cf. Birks v. United Fruit Co., D. C.,

48 F.2d 656; Egan v. Donaldson Atlantic Line, D.C., 37 F.Supp. 909.

It is true there was in this proceeding a plurality of claims and, under the rule of Langnes v. Green, supra, the petitioner here had a right to have both the claims of the father and sister heard in admiralty. However, the petitioner, knowing the facts, assented to the administrator's going forward with the suit at law, and it was as a result of his objection at the law trial that the claimant on behalf of the sister now finds himself back in admiralty. The petitioner should be estopped from relieving himself of liability to the sister-claimant by proceeding in this manner. This would be an unreasonable result. The petitioner brought on the present situation he now finds himself in with his eyes open and he must remain in it. There was nothing the administrator did in the law action that indicated he waived any claim in behalf of the sister of the deceased. On the contrary, he insisted on the claim in behalf of the sister. I do not here decide whether the issue of negligence will have to be tried again. However, if the petitioner should be forced to a second trial on the same issues, he alone is responsible for his predicament.

The motion to dismiss is denied.