## LEHNERTZ v. SOCIETE ANONYME BELGE D'EXPLOITATION DE LA NAVIGATION AERIENNE and six other cases.

United States District Court
S. D. New York.
May 19, 1948.

Sanders & Linhart, of New York City, for plaintiffs Lehnertz and Loewenthal.

Adler & Schwartz, of New York City, for plaintiff Revil.

William Paul Allen, of New York City, for plaintiff Henderson.

Leon, Weill & Mahony, of New York City, for plaintiffs Lindenbaum.

Davies, Auerbach, Cornell & Hardy, of New York City (Kenneth W. Greenawalt and Herbert A. Heerwagen, both of New York City, of counsel), for plaintiff Meyer.

Joseph J. Eomhorn, for plaintiff Alster.

Spence, Hotchkiss, Parker & Duryee, of New York City (James N. Halpin and Adrian P. Driggs, both of New York City, of counsel), for defendant.

GODDARD, District Judge.

Motions by defendant in respect to the amended complaints of the seven plaintiffs. The suits seek to recover damages resulting from the crash of defendant's airplane near Gander, Newfoundland on September 18, 1946. The motions are substantially similar and may be disposed of together.

1. The motions to dismiss the amended complaints or to require the plaintiffs to file further amended complaints are granted to the extent of requiring plaintiffs to state specifically the law or laws of what country or countries were violated in the alleged violation of Article VIII, Section 5 of the Interim Agreement on International Civil Aviation, as alleged in paragraph 17(d) of the Wilson amended complaint. If plaintiffs do not rely upon any specific law or laws of any specific country or countries, they may so state. Paragraph 17(n) of the Wilson amended complaint should be amplified in the same manner as 17(d). The corresponding paragraphs of the other amended complaints should be amplified in conformity with the ruling in repect to the Wilson amended complaint.

2. Regardless of whether Section 213 of the Consolidated Statute of Newfoundland makes such statement a matter of substantive law or not, the defendant's motion to require those plaintiffs who allege a cause of action based upon Section 213 of the Consolidated Statute of Newfoundland [Third Series] to furnish what amounts to a bill of particulars is denied without prejudice. Defendant's motion is not addressed to any defect in the plaintiffs' alleged substantive right for failure to comply with Section 213. See Federal Rules of Civil Procedure, rule 12(e), as amended, 28 U.S.C.A.

3. Defendant's motion addressed to paragraphs 25 and 46 of the Wilson amended complaint and the motions addressed to the corresponding paragraphs of the other amended complaints, to separately state and

number are denied. These paragraphs refer to a single cause of action which has various parts. The plaintiffs are not required to separate the single cause of action into its component parts. The allegations appear to be sufficiently clear to enable defendant to properly answer.