## IAFRATE v. COMPAGNIE GENERALE TRANSATLANTIQUE et al.

United States District Court
S. D. New York.
Nov. 13, 1951.

Stapleton, Flynn & Lilly, New York City, George W. Sullivan, Robert A. Lilly, New York City, of counsel, for plaintiff.

Foley & Statt, New York City, Milton James, New York City, of counsel, for defendants.

IRVING R. KAUFMAN, District Judge.

Plaintiff's wife died January 24, 1951 of acute peritonitis following an appendectomy aboard the French liner S. S. Liberte at sea. He has brought this action against Compagnie Generale Transatlantique, which owns and operates the S. S. Liberte, and French Lines, Inc., an affiliate New York corporation. The complaint is in two counts and claims $150,000 damages. It alleges (1) breach of an implied contract of safe carriage, and (2) the right to recovery under a number of death statutes including the Death on the High Seas Act, 46 U.S.C.A. § 761 et seq.

Defendants move to dismiss the complaint on the grounds that it fails to state a claim of action upon which relief can be granted and that another action for the same relief is pending in this court. They ask for such other further and different relief as this Court shall deem proper.

Plaintiff's complaint covers fourteen full pages of foolscap. It is drawn with an artistry which practitioners of the 19th century might well have admired. It is a perfect facsimile of the finest common-law pleading. It is hardly, however, within the mandate of Rule 8(e), Federal Rules of Civil Procedure, 28 U.S.C.A., directing that pleadings be simple, concise, and direct.

Plaintiff appended an itemized Bill of Particulars to his complaint. The Bill of Particulars was abolished in the Federal

Courts in 1946. Plaintiff's attorney should probably be apprised of this.

The requirements of simplicity and brevity in the Federal Rules are not a capricious attempt to discredit common law pleading. They are rooted in a belief that pleadings are essentially a notice-giving device, to present generally the issues involved.[1] The type of pleading employed by plaintiff can in no way clarify matters; it serves only to muddle the case.

■ Defendants have moved to dismiss or for other relief provided by the Court. Rule 12(f), Federal Rules of Civil Procedure, states that the court, on its own initiative may order stricken from any pleading any redundant, immaterial, impertinent or scandalous matter. The rule reinforces 8 (e).

■ The Court clearly is empowered to strike or dismiss an entire complaint without prejudice on the basis of Rule 8(e) where there is a gross violation of the spirit of that rule. Renshaw v. Renshaw, 1946, 80 U.S.App.D.C. 390, 153 F.2d 310.

■ The complaint in this action succeeds only in obscuring the issues. It promises unnecessary confusion—to the litigants and to the court when and if the case comes to trial.

The complaint will be dismissed without prejudice. Plaintiff will be given twenty days to serve an amended complaint, simply and concisely constructed, embodying a short and plain statement of plaintiff's claim as contemplated by the Federal Rules. If, after filing of the amended complaint, defendants see fit to renew this motion or other motions they may do so in the regular motion part.

Settle order.

1. "The modern philosophy concerning pleadings is that they do little more than indicate generally the type of litigation that is involved. For example, the pleadings in a personal injury action cannot catch within their pages a photographic likeness of the accident. A generalized summary of the case that affords fair notice is all that can be expected. Common law pleading was not concerned with fair notice. It was concerned only with how had the parties formulated the issues. It proceeded on the theory that variance in proof from the issues must result in prejudice. But this rests on the untenable ground that the parties know nothing of the matter in litigation except what has been stated in the pleadings. * * * Actually common law pleading seldom developed more than general, obscure issues." Moore's Federal Practice, 2d Ed., pp. 1607–1608.