**IAFRATE v. COMPAGNIE GENERALE TRANSATLANTIQUE et al.**

**IAFRATE v. THE LIBERTE et al.**

United States District Court,
S. D. New York.

Aug. 11, 1952.

620

Stapleton, Flynn & Lilly, George W. Sullivan, New York City (Robert A. Lilly, New York City, of counsel), for plaintiff.

Foley and Statt, New York City (Milton James, New York City, of counsel), for defendants.

WEINFELD, District Judge.

Plaintiff's intestate became ill and died on the high seas while a passenger on board the S.S. Liberte. Thereafter two suits were filed in this District by the administrator of her estate, a civil action and one in admiralty, each seeking damages against the owners and operators of the ship for alleged

wrongful conduct in causing decedent's death. The complaint in the civil action alleged two causes of action, one for breach of contract of safe carriage and a second for her wrongful death. On motion, the first cause of action was dismissed by Judge Clancy for failure to state a claim, and the second was also dismissed, 12 F.R.D. 71, for failure to comply with Rule 8 of the Federal Rules of Civil Procedure, 28 U.S.C.A. but in this instance leave to amend was granted pursuant to which an amended complaint has been served. The defendant now moves to dismiss the amended complaint and there are also before the Court the exceptions filed by respondents to the libel in the admiralty suit.

We first consider the attack on the amended complaint in the civil action. It asserts a cause of action by the administrator for the wrongful death of decedent on the high seas and alleges that it is brought "pursuant to the provisions of the 'Death on the High Seas by Wrongful Act,' * * * 46 U.S.C.A. § 761 et seq., * * * and the laws of France * * *." The defendants seek dismissal on the ground, among others, of lack of jurisdiction over the subject matter, contending that jurisdiction under the Death on the High Seas Act is exclusively in admiralty.

■ While the cases diverge on this issue,[1] the Court is of the opinion that the Act confers jurisdiction solely on the admiralty and not the civil side of the Court. Thus, Section 1, which gives a right of ac-

tion for damages from death caused by wrongful act on the high seas,[2] provides:

> "Whenever the death of a person shall be caused by wrongful act, neglect, or default occurring on the high seas * * * the personal representative of the decedent may maintain a suit for damages in the district courts of the United States, *in admiralty* * * *." (Emphasis added.)

Section 4 of the Act, 46 U.S.C.A. § 764, which provides a remedy in our Courts for the enforcement of rights of action for death created by foreign law,[3] reads:

> "Whenever a right of action is granted by the law of any foreign State on account of death by wrongful act, neglect, or default occurring upon the high seas, such right may be maintained in an appropriate action *in admiralty* in the courts of the United States * * *." (Emphasis added.)

■■ It would, therefore, appear from the language chosen by Congress that the Admiralty Courts have exclusve jurisdiction of such actions.[4] To hold otherwise would mean that the references made to actions and suits in admiralty in the sections quoted are surplusage. It is a basic rule of statutory interpretation that the legislature is presumed to have used no superfluous words and that significance should ordinarily be given to every word in a statute.[5] Had Congress intended to confer civil jurisdiction, it would not have been necessary to make any mention at all

1. The following cases seem to be in agreement with the views here expressed: Dall v. Cosulich Line, 1936 A.M.C. 359; The Silverpalm, 9 Cir., 79 F.2d 598; Birks v. United Fruit Co., D.C., 48 F.2d 656; Egan v. Donaldson Atlantic Line, D.C., 37 F.Supp. 909; Moran v. United States, D.C., 102 F.Supp. 275; Echavarria v. Atlantic & Caribbean Steam Nav. Co., D.C., 10 F.Supp. 677; The Vestris, 2 Cir., 53 F.2d 847.

In apparent disagreement with this conclusion are Choy v. Pan American Airways Co., 1941 A.M.C. 483; Batkiewicz v. Seas Shipping Co., D.C., 53 F. Supp. 802; The Saturnia, 1936 A.M.C. 469. See also Elliott v. Steinfeldt, 254 App.Div. 739, 4 N.Y.S.2d 9; Wyman v. Pan American Airways Co., 1941 A.M.C.

912; Bugden v. Trawler Cambridge, 319 Mass. 315, 65 N.E.2d 533 (holding that an action under the Death on the High Seas Act may be brought in a State Court).

2. Western Fuel Company v. Garcia, 257 U.S. 233, 243, 42 S.Ct. 89, 66 L.Ed. 210.

3. The Vestris, supra, 53 F.2d at page 852; The Silverpalm, supra, 79 F.2d at page 598.

4. The legislative debates support this view. See Vol. 59, Congressional Record, Part 5, p. 4483, 66th Congress.

5. Washington Market Co. v. Hoffman, 101 U.S. 112, 115, 25 L.Ed. 782; Platt v. Union Pacific R. R. Co., 99 U.S. 48, 58, 25 L.Ed. 424; Chambers v. Robertson, 87 U.S.App.D.C. 91, 183 F.2d 144, 148.

of Admiralty Courts. The constant use of the term "admiralty" should be given its normal and full significance.

Moreover, prior to the passage of the Death on the High Seas Act, there was no right to recovery of damages for wrongful death on the high seas under maritime law.[6] The complaint alleges that the action is based on the Act and, therefore, whatever rights plaintiff has must be found within its terms. To permit this action on the civil side would be to extend the plain and unequivocal language of the Act.

■ The motion to dismiss the amended complaint is granted. In view of this disposition it is unnecessary to consider the other bases for defendants' motion to dismiss.

■ We next consider the exceptions to the libel. The first cause of action in the libel is for breach of contract of safe carriage allegedly resulting in decedent's death. This is substantially similar to the first cause of action pleaded in the original complaint in the civil suit and which was dismissed pursuant to Rule 12 of the Federal Rules of Civil Procedure by Judge Clancy for failure to state a claim.[7] Leave to amend was not granted. In consequence the judgment of dismissal entered thereon is res adjudicata with respect to the first cause of action pleaded in the libel.[8] The exception as to the first cause of action is sustained.

■ The exception by respondent French Line, Inc. on the ground that it did not own, operate or control the vessel on which the decedent was a passenger, is overruled. An exception to a libel is analogous to a demurrer[9] and so the allegation that the French Line "was the owner and/or operator" must be taken as true. The exception raises issues of fact which must await the proper occasion for their determination.

■ The exception on the ground that libellant has failed to comply with the statutory provision of the State of New York applicable to foreign administrators is also overruled. Since libellant's rights are derived from the Death on the High Seas Act, 46 U.S.C.A. § 761, a Federal statute, and not upon local law, the procedural requirements relied upon by respondents are not applicable in this suit. Libellant, who brings this suit as a trustee for the beneficiaries named in the Act, is not delimited by the local law.[10]

■ However, the exception for failure to properly plead foreign law is well taken. Foreign law is a matter of fact which must be pleaded and proved.[11] The mere allegation that the libellant's right to bring this suit "is provided pursuant to the provisions of * * * the laws of France" is not sufficient compliance with this rule. The libellant may not rely upon such a conclusory allegation as to the effect of the foreign law but must set forth its substance.[12] This exception is sustained with leave to libellant to serve an amended libel containing proper allegations of the French law.

Separate orders to be entered in each suit on proper notice.

6. Western Fuel Co. v. Garcia, supra; Middleton v. Luckenbach S. S. Co., 2 Cir., 70 F.2d 326.

7. Iafrate v. C. G. T., 1952 A.M.C. 544.

8. 2 Moore's Federal Practice, Second Edition, 2257, 2267. See also Curacao Trading Co. v. William Stake & Co., D.C., 61 F.Supp. 181; Mullen v. Fitz Simons & Connell Dredge & Dock Co., 7 Cir., 172 F.2d 601.

9. The Nea Hellis, 2 Cir., 116 F.2d 803.

10. Feliu v. Grace Line, Inc., D.C., 97 F. Supp. 441; Briggs v. Pennsylvania R. Co., 2 Cir., 153 F.2d 841, 163 A.L.R. 1281; The Pan Two, D.C., 26 F.Supp. 990.

11. Empresa Agricola Chicama v. Amtorg Trading Corp., D.C., 57 F.Supp. 649.

12. United States v. National City Bank of New York, D.C., 7 F.R.D. 241; Coronet Phosphate Co. v. United States Shipping Co., D.C., 260 F. 846; Keasbey & Mattison Co. v. Rothensies, D.C., 1 F.R. D. 626; Lehnertz v. Societe Anonyme etc., D.C., 8 F.R.D. 319.