## SALTER v. THE STATE.

1. On a trial for rape, there was no error in overruling a motion to continue the case for absence of witnesses.
2. No error requiring a new trial is shown in the allowance of questions to witnesses.
3. Error does not appear in the exclusion of testimony relating to professional treatment, without a showing as to when it was given.
4. Error is not shown in permitting a witness to testify as to conduct of the accused and the female on occasions before the time of the alleged offense.
5. The court's charge to the jury was not erroneous as nullifying the effect of the closing argument of counsel for the accused.
6. The instruction relating to corroboration of the testimony of the female was not error for the reasons assigned.
7. The evidence supported the verdict.

No. 5380. OCTOBER 18, 1926.

Rape. Before Judge Custer. Decatur superior court. March 19, 1926.

*J. J. Hill, Drake & Kirbo,* and *A. B. Conger,* for plaintiff in error.

*George M. Napier, attorney-general, B. C. Gardner, solicitor-general, T. R. Gress, assistant attorney-general,* and *P. D. Rich,* contra.

GILBERT, J. B. C. Salter was indicted for the offense of rape. The indictment charges that he committed the offense upon a named female under the age of fourteen years. The defendant was found guilty, with a recommendation to the mercy of the court; and his punishment was fixed at not less than eight nor more than twenty years in the penitentiary. He filed a motion for new trial, which was afterwards amended. The court overruled the motion, and the defendant excepted.

1. One ground of the motion for new trial complains that the court erred in overruling a motion to continue the case. The motion was based upon the absence of three witnesses, two of whom it is alleged were residents of the county of Decatur, but were "temporarily absent in Florida." The other witness was also a resident of said county, and was temporarily absent in Atlanta.

---

Criminal Law, 16 C. J. p. 458, n. 76; p. 1030, n. 66.

Rape, 33 Cyc. p. 1458, n. 39; p. 1476, n. 53; p. 1486, n. 12; p. 1512, n. 65.

Witnesses, 40 Cyc. p. 2427, n. 28.

We hold that the court did not abuse its discretion in overruling the motion to continue.

2.	The grounds of the motion complaining that the court erred in allowing the solicitor-general to propound leading questions to the injured female, and that the court erred in allowing certain designated questions propounded to the witness Buckner, and his answers to the same, with reference to the complaint to him made by the injured female, do not show reversible error.

3.	One ground of the motion for new trial assigns error upon the refusal of the court to allow the injured female to testify, on cross-examination, that when she called on Dr. Clark for professional advice with respect to her condition, the doctor told and advised her that she had venereal trouble (gonorrhea), and that he doctored her and treated her for that disease; "the court being apprised at the time that the witness would answer to such fact, if she were permitted to testify," does not show error, because it is not therein shown whether the professional advice and treatment were given before the alleged commission of the offense or thereafter..

4.	Another ground of the motion complains that the court permitted a named witness to testify that he had noticed the injured female "passing and going into the store of Salter Furniture Company on one or two occasions, and he observed her sitting out one afternoon in the park with her sister when defendant spoke to her," and, after so testifying, that the court allowed the witness to testify that the conduct of the parties aroused his suspicion, and to state that his reason for the same was that "he was showing too much respect some way to the child; that is the way it attracted my attention, she being so small." This ground of the motion does not show error.

5.	Another ground of the motion complains that the court erred in the following charge to the jury: "The office of the attorney in his argument before you is to assist you in arriving at the truth by logical deductions and inferences from the proven facts in the case. The statement of counsel is never evidence of any fact, unless by solemn admission made in the court to be used as evidence in the case; and so therefore, in so far as the argument of counsel shall aid you in determining what is right and true in this

6

case, you are authorized to pursue the logical sequence of that argument as the same strictly pertains to the proven facts in the case." The criticism is that the charge, coming immediately after the closing argument of counsel for the defendant, who had introduced no evidence, nullified the effect of that argument, in stating to the jury that they were only authorized to pursue the logical sequence of such argument as the same strictly pertained to the proven facts. The charge was not subject to the criticism, and was not erroneous.

6. Another ground of the motion complains of the following charge to the jury: "The language there used [unsupported testimony of the female in question] is equivalent to a logical phrase which has been discussed before you, to wit: corroborating circumstances. I charge you, gentlemen, that to corroborate means to confirm, or to substantiate, or to support. I charge you, gentlemen, that circumstances are facts or things standing around or about some central fact. And so the phrase 'corroborating circumstances,' in ordinary language, would mean the surrounding or attending facts. In determining, gentlemen, whether the evidence of Elsie Morris has been supported, you would have the right to see whether or not there are any facts before you that she had been seen in company with the defendant; you would have the right to consider whether or not any complaint had been made by her to those near of kin or related to her; you would have the right to see whether or not her chastity had been violated." The criticism is that the charge was error for the reason that it was not a correct or legal definition of the law requiring support of the testimony of the female; and further and specially because the court stated therein that the jury would be authorized, in determining whether the evidence of the witness was supported, to see whether or not she had been seen in company with the defendant, which by inference would conclude the jury to believe that, as a matter of law, if the defendant had been seen in the company with the alleged injured female, that would be sufficient support of her testimony; and further because the court stated that the jury would have a right to consider whether or not any complaint had been made by her, which would logically and by inference lead the jury to conclude that, if she had at any time or place made complaint, that of itself would be sufficient support of her testi-

mony; and further. because the court stated that the jury had the right to see whether or not her chastity had been violated, which by inference was an instruction that, if her chastity had been violated, that would be sufficient of itself to support her testimony. This ground does not show error.

7. The verdict was supported by evidence; accordingly the court did not err in overruling the motion for new trial.

*Judgment affirmed. All the Justices concur.*