## SWEET v. UNITED STATES.
### Civil Action No. 621.

District Court of S. D. California, N. D.
May 28, 1947.

864

Max M. Hayden and Arthur C. Wahlberg, both of Fresno, Cal., for plaintiff.

James M. Carter, U. S. Atty., and Ronald Walker and Clarke E. Stephens, Asst. U. S. Attys., all of Los Angeles, Cal., for defendant.

YANKWICH, District Judge.

The motion of the defendant to dismiss the above-entitled cause, heretofore argued and submitted, is now decided as follows:

The motion to dismiss as to the entire complaint and especially as to Paragraphs 3, 4, 5, and 6, is denied.

I am of the view that the action is not barred either by Section 340 of the California Code of Civil Procedure or by the provisions of the Tort Claims Act, §§ 410, 420, 28 U.S.C.A. §§ 931, 942. This statute is the Government's consent to be sued in certain actions where heretofore action would not lie against it. All its provisions must be interpreted with a view to giving it this effect. Counsel for the Government would take a portion of Section 410 and tie this action to the California Statute of Limitations, which, for torts, is one year. The portion reads:

"Subject to the provisions of * * * the same claimants, in *the same manner, and to the same extent as a private individual under like circumstances,* except that the United States shall not be liable for interest prior to judgment, or for punitive damages." Emphasis added.

This paragraph followed the paragraph which gave jurisdiction to the United States District Courts to such actions accruing on and after January 1, 1945. The sovereign having waived immunity, this clause, *without anything else,* might possibly be construed to mean that the state statute would apply. But the Congress specifically enacted Section 420, 28 U.S. C.A. § 942, which the codifiers entitled *"Statute of Limitations".* And in this section the limitation is *"one year after such claim accrued or within one year after August 2, 1946, whichever is later."* The Act is known as the Act of August 2, 1946. And it is quite obvious to anyone cognizant with the pattern of legislative history, what happened. The bill was introduced early in the session. It fixed a starting point from which jurisdiction was conferred and from which to date the accrual of the claim. But in order not to give rise to an absurdity by having the time limit or *most of it* expire before the Act actually was passed, it provided, *in the final form,* August 2, 1946 as a starting point also. And *that is the day on which the Act became law.* Otherwise we would be in this anomalous position: The Congress granted a year's limitation to the right to sue the sovereign for torts and by the same law it took away *seven months of it,* merely because the law did not become effective until August 2, 1946. To obviate this situation, the authors or conferees, as soon as they knew the exact date on which the law would pass, adopted the second alternative. So interpreted, the law is very plain and has a distinct meaning. Torts accruing from on or after January 1, 1945, are actionable. Actions may be brought within one year *after such date* or *within one year after August 2, 1946,* whichever is later. This conclusion makes the provision intelligible. Otherwise, it would be meaningless. For we would have to read out of the Section which the Congress itself has designated as a Statute of Limitation, the phrase "or within one year after August 2, 1946, whichever is later." This we should not do when we can interpret the statute so as to give to each part a meaning.

Hence the ruling above made.