**STATE OF MARYLAND, to Use of BURKHARDT, v. UNITED STATES.**

No. 5633.

Circuit Court of Appeals, Fourth Circuit.

Dec. 30, 1947.

T. Hughlett Henry, Jr., of Easton, Md. (J. Martin McDonough, of Baltimore, Md., on the brief), for appellant.

Whiteford S. Blakeney, of Charlotte, N. C., as amicus curiae.

James B. Murphy, Asst. U. S. Atty., of Baltimore, Md. (Bernard J. Flynn, U. S. Atty., of Baltimore, Md., on the brief), for appellee.

Before PARKER, SOPER and DOBIE, Circuit Judges.

PARKER, Circuit Judge.

This is an appeal by plaintiff from an order dismissing an action to recover damages on account of wrongful death instituted under the Federal Tort Claims Act, Title IV, Public Law 601, Aug. 2, 1946, 60 Stat. 843, 28 U.S.C.A. § 921 et seq. The action was brought for the benefit of the widow of one George N. F. Burkhardt, who was killed on September 2, 1945, when the automobile in which he was riding was in collision with a truck of the United States Army. The action was instituted December 5, 1946, and was dismissed by the learned judge below because not brought within one year as required by the wrongful death statute of Maryland. Annotated Code of Maryland (1939 Ed.) c. 67. The contention of plaintiff is that the action may be maintained because instituted within twelve months of the enactment of the Tort Claims Act, which was rati-

fied August 2, 1946. The pertinent provisions of that statute are sec. 410(a), 28 U.S.C.A. § 931(a), and sec. 420, 28 U.S.C.A. § 942, which are as follows:

"Sec. 410(a). Subject to the provisions of this title, the United States district court for the district wherein the plaintiff is resident or wherein the act or omission complained of occurred, including the United States district courts for the Territories and possessions of the United States, sitting without a jury, shall have exclusive jurisdiction to hear, determine, and render judgment on any claim against the United States, for money only, accruing on and after January 1, 1945, on account of damage to or loss of property or on account of personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant for such damage, loss, injury, or death in accordance with the law of the place where the act or omission occurred. Subject to the provisions of this title, the United States shall be liable in respect of such claims to the same claimants, in the same manner, and to the same extent as a private individual under like circumstances, except that the United States shall not be liable for interest prior to judgment, or for punitive damages. Costs shall be allowed in all courts to the successful claimant to the same extent as if the United States were a private litigant, except that such costs shall not include attorneys' fees."

"Sec. 420. Every claim against the United States cognizable under this title shall be forever barred, unless within one year after such claim accrued or within one year after the date of enactment of this Act, whichever is later, it is presented in writing to the Federal agency out of whose activities it arises, if such claim is for a sum not exceeding $1,000; or unless within one year after such claim accrued or within one year after the date of enactment of this Act, whichever is later, an action is begun pursuant to part 3 of this title. In the event that a claim for a sum not exceeding $1,000 is presented to a Federal

agency as aforesaid, the time to institute a suit pursuant to part 3 of this title shall be extended for a period of six months from the date of mailing of notice to the claimant by such Federal agency as to the final disposition of the claim or from the date of withdrawal of the claim from such Federal agency pursuant to section 410 of this title, if it would otherwise expire before the end of such period."

 Under the law of Maryland, the limitation of twelve months prescribed in the wrongful death statute is held a condition precedent to the right to maintain an action thereunder (Stasciewicz v. Parks, 148 Md. 477, 483, 129 A. 793); and the contention of defendant is that since the action could not be maintained against a private person because not instituted within the twelve month period prescribed by the Maryland statute, it cannot be maintained under the Tort Claims Act, even though instituted within the period of limitations prescribed by that act. We think, however, that the purpose and effect of the language of the statute is that we shall look to the law of the state for the purpose of defining the actionable wrong for which liability shall exist on the part of the United States, but to the act itself for the limitations of time within which action shall be instituted to enforce the liability. The language of the act, its reason and spirit, its history and the effect and consequences of a different interpretation, all negative the suggestion that the limitations of the state law in addition to those prescribed in the act operate to bar recovery thereunder.

 If we look to the language of the act, we find that the pertinent portion of the language contained in sec. 410(a) is the following: "The United States district court * * * shall have exclusive jurisdiction to hear, determine, and render judgment on any claim against the United States * * * on account of * * * death caused by the negligent or wrongful act or omission of any employee of the Government * * * *under circumstances* where the United States, if a private person, would be liable * * * in accordance with the law of the place where the act or omission occurred. Subject to the provisions of this chapter, the United States shall be liable in respect of such claims to the same claimants, *in the same manner,* and *to the same extent* as a private individual *under like circumstances * * * *."* (Italics supplied.) This language clearly means that the standards and tests of local law are to determine whether a negligent or wrongful act has been established which is actionable and the nature and extent of the recovery permitted on account thereof, not the period of limitation within which the action must be instituted. The latter is prescribed by sec. 420, quoted above. The words "under circumstances", twice used in defining liability in sec. 410(a), are not apt words to encompass the passage of time or to suggest a period of limitations. "Circumstances are facts or things standing around or about some central fact." Salter v. State, 163 Ga. 80, 135 S. E. 408, 409. " 'Circumstances' determining whether 'negligence,' defined as want of care under circumstances, exists, embraces all attendant facts, including operation of forces of nature relating to central event". Pope v. Reading Co., 304 Pa. 326, 156 A. 106, 109. See also Graff v. Scott Bros., 315 Pa. 362, 172 A. 659, 661.

If the reason and spirit of the statute be considered, there is even less reason to think that it could have been intended to adopt state statutes of limitations as a bar to recovery. Congress was creating a liability not theretofore existing on the part of the government. To have defined all of the tort rules under which liability could be established would have been an almost impossible undertaking; but standards of liability were necessary and Congress was compelled, as a practical matter, to adopt the principles and standards of local law in defining them. The matter of limitations, however, was a simple one which Congress could easily determine for itself; and the fact that the one year limitation was prescribed in the act and was to run from the enactment of the statute if that was later than the accrual of the cause of action, so that the plaintiff should have at least a year to sue, is inconsistent with any idea that the period was to be shortened because a shorter period was provided by state law.

■ It should be noted, also, that the purpose of the legislation was to eliminate private bills, which had consumed so much of the time of Congress; and it is hardly consistent with such a purpose to eliminate from the coverage of the act claims not barred by the limitations therein provided but barred by state limitations with the result that such claims would have to be handled by private bills. In this connection, sec. 131 of the act provides: "Sec. 131. No private bill or resolution (including so-called omnibus claims or pension bills), and no amendment to any bill or resolution, authorizing or directing (1) the payment of money for property damages, for personal injuries or death for which suit may be instituted under the Federal Tort Claims Act * * * shall be received or considered in either the Senate or the House of Representatives." 60 Stat. 831.

The history of the legislation likewise negatives any intention that state limitations should bar recovery in such cases. Section 131 as passed by the Senate, there numbered 121, contained a provision that the section should not apply to any private bill or resolution conferring jurisdiction upon the federal courts to pass upon a private claim otherwise cognizable under the act, if it had accrued between January 1, 1939, and December 31, 1944. Mr. La-Follette of the Senate Special Committee on Organization of Congress submitted a report with regard thereto which contains the following statements:

"This title waives, with certain limitations, governmental immunity to suit in tort and permits suits on tort claims to be brought against the United States. It is complementary to the provision in title I banning private bills and resolutions in Congress, leaving claimants to their remedy under this title." (p. 29).

"The title (IV) applies to claims accruing on and after January 1, 1945, thus going back for one full session of Congress and together with the provision in sec. 121[1] (ante) permitting bills and resolutions to be considered covering claims accruing between January 1, 1939, and December 31, 1944, will in effect permit an 8-year period for disposing of past claims." (p. 30).

"This section vests exclusive jurisdiction in the United States District Courts over claims against the United States, accruing on or after January 1, 1945, on account of property loss or damage or personal injury or death caused by the negligent or wrongful act or omission of a government employee while acting within the scope of his employment."

■ The elimination of the six-year provision in the final draft of the bill as passed by Congress was doubtless to prevent the denial of remedy by private bill for claims dating back of January 1, 1939; but there can be little doubt that Congress intended that claims arising subsequent to January 1, 1945, be dealt with under the act and not by private bill. To think that it was intended to exclude from the coverage of the act claims barred by state limitations or the conditions of state death statutes, so that these, if cared for at all would have to be taken care of by private bills, is to impute an intention wholly at variance with what was said and done at the time that the bill was up for consideration.

Pertinent also is a matter of subsequent history. When it was discovered that, under the wrongful death statutes of some states, the only recovery that could be had was of punitive damages which the Tort Claims Act proscribed, an amending statute was promptly passed by Congress on August 1, 1947, Public Law 324, 80th Cong. ch. 446, 1st session, adding a proviso to sec. 410(a) to the effect that in such states compensatory damage might be recovered, and extending the period for suit in such cases for an additional period of one year, or until August 2, 1948. It will be noted that this amendment extended the time to sue in these cases without reference to the limitations contained in the state death statutes.

■ Finally, the effects and consequences of holding state statutes of limitations applicable should be considered; for it is well settled "that statutes should receive a sensible construction, such as will effectuate the legislative intention, and, if

---

[1] Now section 131 of Legislative Reorganization Act.

possible, so as to avoid an unjust or an absurd conclusion". Lau Ow Bew v. United States, 144 U.S. 47, 59, 12 S.Ct. 517, 520, 36 L.Ed. 340. Congress knew, of course, that the limitation of many state statutes was one year; and it is not respectful to that body to impute to it an intention to give, in lieu of the old remedy by private bill, a remedy which it knew would amount to nothing. In the case at bar, for instance, only one month for suit remained under the state statute at the time of the passage of the act which created the right of action against the government. Could Congress have intended that the right of action given in such case must be commenced within one month? In a companion case now on appeal to us from the Western District of North Carolina, the one-year provision of the North Carolina statute had expired before the passage of the Tort Claims Act although the cause of action had accrued subsequent to January 1, 1945. Could Congress have intended that, in a case of that sort, the remedy which it was giving in lieu of private bill for causes of action arising subsequent to January 1, 1945, should be denied because of the limitation contained in the state statute? To ask such questions is to answer them. As was well said by Judge Yankwich in Sweet v. United States, D.C., 71 F.Supp. 863, 864, answering the argument that the language of 410(a) of the act incorporated the one year limitation on actions for tort of the California law: "The sovereign having waived immunity, this clause, *without anything else*, might possibly be construed to mean that the state statute would apply. But the Congress specifically enacted section 420, 28 U.S.C.A. § 942, which the codifiers entitled *'Statute of Limitations'*. And in this section the limitation is *'one year after such claim accrued or within one year after August 2, 1946, whichever is later.'* The Act is known as the Act of August 2, 1946. And it is quite obvious to anyone cognizant with the pattern of legislative history, what happened. The bill was introduced early in the session. It fixed a starting point from which jurisdiction was conferred and from which to date the accrual of the claim. But in order not to give rise to an absurdity by having the time limit or *most of it* expire before the Act actually was passed, it provided, *in the final form*, August 2, 1946 as a starting point also. And *that is the day on which the Act became law."*

And we think it makes no difference that the limitation applicable to the action for death by wrongful act is held under state law to be a condition on the exercise of the right rather than a limitation on the remedy. This holding is based upon the narrow ground that the limitation is imposed by the statute creating the cause of action[2] and is, to say the best of it, technical and legalistic reasoning, which is not followed in all the states. Cf. State of Maryland for use of Dunnigan v. Cobourn, 171 Md. 23, 187 A. 881, 107 A.L.R. 1045; Sharrow v. Inland Lines, 214 N.Y. 101, 108 N.E. 217, L.R.A.1915E, 1192, Ann. Cas.1916D, 1236, and cases cited in note in 67 A.L.R. 1071. In any case, however, the limitation applicable to the action for death by wrongful act is recognized as a limitation upon the right to sue; and there is no reason to think that Congress did not intend that the limitations prescribed in the Tort Claims Act itself should be observed rather than such limitations of state law. In other words, even though the limitation be regarded as a condition upon the exercise of the right, the wrongful death statute does two things: (1) it creates a cause of action for wrongful death and (2) it provides a time limitation upon the right to assert that cause of action. We think it a reasonable and necessary interpretation of the Tort Claims Act that the law of the State is to be followed with respect to the cause of action created but not with respect to the time limitation for suit upon it, since the act itself prescribes its own time limitation.

None of the anomalous consequences which, as we have seen, would follow a

---

[2] It may be observed that the limitations in the Tort Claims Act is also imposed by the statute creating the cause of action; and if importance is to be attached to this distinction, it is a reasonable assumption that Congress intended the condition created by its own act to apply rather than one relating to the same subject matter contained in the State law.

holding that state statutes of limitation are adopted by the act would be avoided by making an exception of a limitation because it is held to be a limitation upon the right rather than upon the remedy; and new anomalies would arise. Thus in states like New York and Oklahoma, where the limitation of the wrongful death statute is held an ordinary statute of limitations, it would not constitute a bar, whereas in states like Maryland and North Carolina it would. Claimants in states with a two or three year limitation in the wrongful death statute would have a much more favorable position with respect to instituting suit than claimants in states with a one year statute. An interpretation of the act ought to be avoided which would lead to such results; for it is a safe inference that Congress intended nothing of the sort but did intend that the limitations which it was prescribing in section 420 of the act should apply to all causes of action which had been the subject of claims before Congress and which by the act were made the subject of suit.

Defendants rely strongly on the decision of the Fifth Circuit in Mejia v. United States, 5 Cir., 152 F.2d 686, a suit for wrongful death in admiralty under the Public Vessels Act, 46 U.S.C.A. § 781 et seq. and the Suits in Admiralty Act, 46 U.S.C.A. § 741 et seq. That case, however, is not in point. Death was caused there by collision occurring between two vessels; and the only law relied on as giving compensation was the statute of Louisiana which was enforced in admiralty in the absence of any other law bearing on the subject. The limitation of the state law, which was a condition precedent to suit, was enforced, since in the absence of statute, admiralty could not adopt the state law without adopting its limitations and conditions. No question of statutory interpretation was involved; and that is the only question involved here. As stated above, the basis of our decision is that the adoption by the statute of the cause of action created by state law is not to be construed as adopting the limitation imposed by that law, since the statute contains its own limitation.

For the reasons stated, the judgment appealed from will be reversed and the cause will be remanded for a new trial.

Reversed.