## WASHABAUGH v. UNITED STATES.

Civ. A. No. 2924.

United States District Court
M. D. Pennsylvania.
April 25, 1949.

J. Glenn Benedict, of Chambersburg, Pa., for plaintiff.

Arthur A. Maguire, U. S. Atty., of Scranton, Pa., and Charles W. Kalp, Asst. U. S. Atty., of Lewisburg, Pa., for defendant.

WATSON, Chief Judge.

The plaintiff, Herbert H. Washabaugh, instituted this action to recover damages for injuries received in a collision which, it is alleged, was caused by the negligence of Wilfred Wills, who was driving a United States Army station wagon, and was acting in the line of his duty as a member of the military forces of the United States of America, the defendant. The action was instituted under the Federal Tort Claims Act, 28 U.S.C.A. § 921 et seq. [now §§ 1346, 2671 et seq.].

The plaintiff, at the time of the collision giving rise to this action and for a number of years prior thereto, resided in Chambersburg, Pennsylvania, in the Middle District of Pennsylvania. Under the Federal Tort Claims Act any civil action on a tort claim against the United States may be prosecuted in the judicial district where plaintiff resides. Therefore, this Court has jurisdiction in this action.

The collision, from which plaintiff alleges his damages ensued, occurred in the City of Hagerstown, Maryland. Under the Federal Tort Claims Act the standards and tests of the State where the alleged wrongful or negligent act was committed are to be used to determine whether a claim has been established upon which recovery can be allowed and the nature and extent of recovery. Van Wie v. U. S., D.C.N.D.Iowa 1948, 77 F.Supp. 22; State of Maryland v. United States, 4 Cir., 1947, 165 F.2d 869, 1 A.L.R.2d 213. Therefore, in this action, the law of the State of Maryland controls on the questions of negligence and amount of recovery, if any.

This action was tried before the Court without a jury. From the legal evidence

received at the trial, the Court finds the facts to be as follows:

1. The plaintiff, Herbert H. Washabaugh, is a resident of the Borough of Chambersburg, Franklin County, Pennsylvania, in the Middle District of Pennsylvania.

2. On August 17, 1945, Wilfred Wills was driving a United States Army station wagon, proceeding west on Washington Street, approaching the intersection of Washington and Mulberry Streets in the City of Hagerstown, Maryland. The plaintiff was driving a laundry truck, proceeding north on Mulberry Street, approaching the intersection of Washington and Mulberry Streets in the City of Hagerstown, Maryland.

3. When the United States Army station wagon, operated by Wilfred Wills, reached the point at which it was entering the intersection of Washington and Mulberry Streets, in the City of Hagerstown, Maryland, the traffic light facing it, or facing east on Washington Street, was red. When the laundry truck, operated by the plaintiff, reached the point at which it was entering the intersection of Washington and Mulberry Streets, in the City of Hagerstown, Maryland, the traffic light facing it, or facing south on Mulberry Street, was green.

4. When plaintiff's laundry truck had proceeded more than half way across the said intersection it was struck along its front right door, front right fender and front right bumper by the United States Army station wagon, operated by Wilfred Wills.

5. Wilfred Wills failed to obey the traffic light and proceeded to cross the intersection of Washington and Mulberry Streets in the City of Hagerstown, Maryland, while the traffic light facing him, or facing east on Washington Street, was red. This failure to obey the traffic light was a negligent act on the part of Wilfred Wills and was the proximate cause of the collision and injuries received by the plaintiff.

6. The plaintiff obeyed the traffic light and proceeded to cross the intersection of Washington and Mulberry Streets, in the City of Hagerstown, Maryland, while the traffic light facing him, or facing south on Mulberry Street, was green. There was no contributory negligence on the part of the plaintiff.

7. At the time of the collision both Washington and Mulberry Streets, at the point where they intersect, were dry. At the time and place of the collision, visibility for drivers was good.

8. At the time of the collision Wilfred Wills was performing his duties as a military policeman in the Army of the United States, and was returning from police patrol observations.

9. At the time of the collision, Wilfred Wills was a member of the military forces of the United States and was acting in the line of his duties as such.

10. As a result of said collision, the plaintiff suffered injuries to his lower spine, which have and will continue to cause pain on bending his back or legs.

11. Prior to said collision, plaintiff was employed by the Troy Laundry Company, and his duties included managing a laundry receiving station, and driving a laundry truck to collect, transport for cleaning, and return parcels of laundry. His average weekly earnings while so employed prior to said collision were $55.70.

12. After said collision, plaintiff continued in the same employment until July, 1946, during which period his average weekly earnings were $43.50. From July 1, 1946 to the present, plaintiff has continued to do the same type of work in business for himself, during which period his average weekly earnings were about $35. From the time of said collision to the present laundry prices have increased.

13. The injuries sustained by plaintiff in said collision have caused, and will continue to cause, some interference with his ability to perform his work as he did prior to the collision, resulting in the loss of earnings stated above, and also resulting in decreased earning capacity for the remainder of his life.

14. The injuries sustained by the plaintiff in said collision have created a partial disability which is permanent in character.

15. On the date of said collision plaintiff was thirty-nine years of age.

16. The plaintiff paid, or is obligated to pay, the sum of $873 for medical expenses, assistance in his work, traveling expenses, and loss of wages going to and from medical examinations and treatments.

17. The plaintiff, Herbert H. Washabaugh, suffered damage to the extent of $6,373.

From the foregoing facts the following conclusions of law are found:

1. Plaintiff is a resident of the Middle District of Pennsylvania and, therefore, this Court has jurisdiction. 28 U.S.C.A. § 931 [now § 1402].

2. The standards and tests of the State of Maryland, where the collision occurred, determine whether a claim has been established upon which recovery can be allowed and the nature and extent of recovery. Van Wie v. U. S., D.C.N.D.Iowa 1948, 77 F.Supp. 22; State of Maryland v. U. S., 4 Cir., 1947, 165 F.2d 869, 1 A.L.R.2d 213.

3. Wilfred Wills was negligent in failing to obey the traffic light at the intersection of Washington and Mulberry Streets in the City of Hagerstown, Maryland, which, at the time he entered said intersection, was red in his direction. Cogswell et al. v. Frazier, 1944, 183 Md. 654, 39 A.2d 815.

4. The United States is liable for damages, loss or injury caused by the negligent omission of any member of the military forces of the United States while acting in the line of his duty, under circumstances where the United States, if a private person, would be liable for such damages, loss or injury, in accordance with the law of the place where the omission occurred. 28 U.S.C.A. § 931 [now § 1346].

5. The plaintiff, Herbert H. Washabaugh, is entitled to judgment against the defendant, the United States of America, in the sum of $6,373.

### Order

Now, April 25, 1949, it is ordered that judgment be entered in favor of Herbert H. Washabaugh and against the United States of America in the sum of $6,373.