## LEVITCH v. UNITED STATES.
### No. 8115.

United States District Court
W. D. Missouri, W. D.
July 17, 1953.

Homer Cope, Kansas City, Mo., for plaintiff.

Kenneth C. West, Hugh A. Miner, Asst. U. S. Attys., Edward L. Scheufler, U. S. Atty., Kansas City, Mo., for defendant.

REEVES, Chief Judge.

The motion to dismiss in the above case is based upon the statute of limitations. While the rules provide that the bar of limitation should be raised by affirmative plea nevertheless the courts have held that a motion may be made to dismiss in such cases on the ground that the complaint does not state a cause of action. The complaint is brought under the Tort Claims Act. Section 2674 Title 28 U.S.C.A.

The cause of action accrued to the plaintiff, according to the averments of the complaint, on February 14, 1951. The suit

was not filed until March 11, 1953. In suggestions in support of the motion to dismiss the defendant invokes the provisions of Section 2401(b) Title 28 U.S.C.A. This section is entitled "Time for commencing action against United States", and clearly is a limitation upon suits of this character as well as others. It is specifically provided by Section 2401(b) supra, that: "A tort claim against the United States shall be forever barred unless action is begun within two years after such claim accrues or within one year after the date of enactment of this amendatory sentence, * * *."

Able counsel for the plaintiff relied, however, upon the provisions of section 2401 (a), which provide that: "Every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." It is then provided that in actions where a person is under legal disability an addition of three years is added from the time the disability is removed. That provision, of course, is not pertinent here.

An examination of the Code discloses that the national courts are given jurisdiction in a great number of cases. See section 1346(a) (1) Title 28 U.S.C.A. This jurisdiction is conferred in actions to recover "any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected, * * *."

 The limitation statute undertook to fix a bar as against different classes of claims and specifically provide that tort claims shall be limited to two years. As said by the Court of Appeals for the 4th Circuit in State of Maryland to Use of Burkhardt v. United States, 165 F.2d 869, 1 A.L.R.2d 213 (and as followed in United States v. Westfall, 9 Cir., 197 F.2d 765, loc. cit. 766: "The Tort Claims Act, however, prescribes its own limitation." Or it may be said that the Tort Claims Act is a code within itself. It creates causes of action against the government, confers jurisdiction upon the national courts, and, then, as a procedural matter, it fixes a limitation upon such actions.

Under all of the authorities the action of the plaintiff was instituted too late and is barred by the statute of limitations. Accordingly, the motion to dismiss should be and will be sustained.