[Civ. No. 16379.   First Dist., Div. One.   Feb. 20, 1956.]

MAX WOHLGEMUTH, Appellant, v. PAUL MEYER
et al., Respondents.

Shirley, Saroyan, Calvert & Peterson and Sanford N. Diller for Appellant.

Peart, Baraty & Hassard and Robert D. Huber for Respondents.

BRAY, J.—Plaintiff appeals from a judgment entered upon an order sustaining demurrer without leave to amend.

### QUESTIONS PRESENTED

1. Does the statute of limitations (Code Civ. Proc., § 340, subd. (3)) applicable to the wrongful death statute (Code Civ. Proc., § 377) act as a bar to the right or only to the remedy?

2. If the limitation is merely procedural, were sufficient facts pleaded to toll the statute?

### RECORD

The amended complaint charged all defendants with malpractice in negligently causing the death of plaintiff's wife. She died July 4, 1952. The action was filed more than one year later, December 4, 1953.* Defendants demurred on the ground that the amended complaint did not state sufficient facts to constitute a cause of action "in that it is barred by the statute of limitations."

### 1. *Bar to Right or Remedy?*

Generally, "wrongful death statutes" have been construed as either creating a cause of action new to the common law, or permitting an action to survive which abated at common law. A provision therein limiting the time within which the action may be brought has been held to be technically not a statute of limitations, but a condition of the right to maintain the action, which condition must be strictly complied with. There are many jurisdictions following the same rule

---

*See hereafter for discussion of matter purporting to toll the statute of limitations.

even where the limitation is in a separate statute. (See 67 A.L.R. 1070; 132 A.L.R. (1941) 292.)

The precise question has not been determined by the California courts although in analogous cases as will hereafter be shown our courts have declined to follow the majority rule. As early as 1907, a federal circuit court in *Gregory* v. *Southern Pac. Co.*, 157 F. 113, traced the history of our wrongful death statute and the limitation of actions applicable to it and held that it was the intention of the California Legislature to make the limitation procedural only. It pointed out that the first statute on the subject was adopted in 1862, an act " 'requiring compensation for causing death by wrongful act, neglect, or default.' " (Stats. 1862, p. 447.) "The action given by the California statute is in effect the same as that accorded by Lord Campbell's act. It is a new action—that is, one that had not previously obtained under the common law—and not a continuation or revival of an old action, or one that subsisted prior to the death. It is founded upon the injury causing death as it affects the heirs and personal representatives, and not as it affects the decedent individually." (*Id.*, p. 115.) The statute limited actions to two years after death. In 1872 as a result of the work of the previously appointed Code Commission, a Code of Civil Procedure was adopted. Section 377 of this code codified the right to bring an action for wrongful death. It, however, did not include any limitation of time. The limitation for commencing an action for wrongful death was placed in section 339. In 1905 the period was reduced to one year and placed in section 340 (Stats. 1905, p. 232), and included in the limitations were other actions such as libel, slander and the like. After considering a number of cases enforcing the general rule which placed importance upon the limitation being in the death statute itself, the court held that up to the time that the limitation was placed in the general statute of limitations, such limitation "constituted a condition attending the bringing of the action, and was designed as a part and parcel of the liability created, and could not have been considered apart from the act giving the right of action as a limitation statute simply." (Pp. 118-119.) The court then discussed the effect of completely segregating the limitation from the statute giving the right of action, and held (p. 119): "Furthermore, the limitation was formerly from the time of the death of the party injured, while now it begins to run from the time the cause of action accrued; showing

that, by a rearrangement of the statutes, and their adoption in that form, a different purpose was to be subserved, and we must ascribe to such statutes, therefore, another and different intendment. That intendment, manifestly, is to place the right of action accorded by section 377 in the category of other causes, and to apply the statute of limitations to that action in manner and substance as applied to all other civil actions, treating it as a part of the remedy only, and not as a condition to the cause."

That the California courts do not favor the general rule concerning limitations in statutes granting rights not existing at common law, is shown in *Myers* v. *Stevenson*, 125 Cal.App. 2d 399 [270 P.2d 885]. There, the court was asked to hold that section 29, Civil Code, providing a six-year limitation in actions brought by a minor for personal injuries sustained prior to birth, which limitation is in the same section which gives the right of action, came within the general rule above mentioned and to hold that the limitation barred the right of action rather than the remedy. The court declined so to do and held to the contrary. It pointed out that "Latterly a tendency to relax this harsh rule at least in certain cases has become apparent" (p. 404), and that in *Estate of Caravas*, 40 Cal.2d 33 [250 P.2d 593], our Supreme Court held that the limitation in section 1026, Probate Code, of five years within which an alien might appear and demand property to which he was entitled, was not a substantive statute of limitation but merely a procedural one. Referring to certain cases from outside the state the court said (p. 405 [125 Cal.App.2d]): "These cases show a judicial trend, joined in by our own Supreme Court in the Caravas case, to ameliorate the harshness of the rule that under no circumstances can the time limited for bringing suit be extended where the time limitation is construed as a condition of the remedy created. They indicate a tendency to hold that where actual or practical access to the courts is prevented the distinction between so-called substantive and procedural statutes of limitations may be disregarded."

It is significant that in the Caravas case, *supra*, 40 Cal.2d at page 41, the court approved the decision in *State of Maryland* v. *United States*, 165 F.2d 869 [1 A.L.R.2d 213], which refused to follow the general rule above mentioned and quoted the language of the latter court in holding such rule " '. . . to say the best of it, technical and legalistic reasoning, which is not followed in all the states.' "

Persuasive on this question is the determination the courts of this state have made that limitations on other rights of action are procedural and not substantive. (*Farrell* v. *County of Placer*, 23 Cal.2d 624 [145 P.2d 570, 153 A.L.R. 323], 90-day limitation on filing a claim against a governmental body for injury resulting from the dangerous or defective condition of public property. To the same effect, *Schulstad* v. *City & County of San Francisco*, 74 Cal.App.2d 105 [168 P.2d 68]; *Rounds* v. *Brown*, 121 Cal.App.2d 642 [263 P.2d 620].)

Thus it is clear that California does not follow the restrictive general rule but the more reasonable and logical one that the limitations on actions for wrongful death are procedural and not substantive.

### 2. *Sufficiency of Pleading.*

█ On the issue of tolling the statute the amended complaint alleges the relationship of doctor and patient between plaintiff's wife and the defendants other than the hospital, and the relationship of hospital and patient between her and the hospital defendant; that at all times from the commencement of her treatment until her death all defendants falsely assured her and plaintiff and continued thereafter to assure plaintiff that they had correctly diagnosed, treated and cared for her illness, and that her death was unavoidable; that because of decedent's reliance, in her lifetime, and plaintiff's reliance on said assurances, plaintiff with due diligence could not have ascertained and did not ascertain defendants' negligence until on or about December 3, 1953.

The amended complaint is far from being a model of pleading and would be subject to a special demurrer; for example, no statement is given of the circumstances under which plaintiff discovered the alleged negligence. (See *Original Min. & Mill. Co.* v. *Casad*, 210 Cal. 71, 75 [290 P. 456].) However, no such demurrer was interposed. As against a general demurrer there were sufficient facts alleged to require that in sustaining the demurrer the court should have permitted plaintiff to amend to set up, if he could, the omitted facts.

Plaintiff alleged the professional relationship between defendants and the decedent and her and his reliance on their assurances. As said in *Myers* v. *Stevenson, supra*, 125 Cal. App.2d at page 402: "If the allegations might be more explicit as to the reason for not discovering the cause of action sooner, it does not appear that they could not be amended

to meet any such objection and this being so the sustaining of the demurrer without leave to amend would be reversible error, if it appears that a cause of action could be stated." Especially is this so when it is remembered that "It is a further settled rule in malpractice cases that the statute of limitations only starts to run from the date of discovery of, or the date when by the exercise of reasonable diligence the plaintiff should have discovered, the wrongful act." (P. 402.)*

■ The doctor-patient relationship is a fiduciary one and it is incumbent on the doctor to reveal all pertinent information to his patient. The same is true of the hospital-patient relationship. ■ In the event of the death of the patient while under the care of the doctor and the hospital, the spouse has a right to know the cause of death. Withholding information would in a sense amount to misrepresentation. See *Stafford* v. *Shultz,* 42 Cal.2d 767 [270 P.2d 1], for a full discussion of the requirement that a physician make full and fair disclosure of all facts which materially affect the patient's rights and interests, and of the fact that because of the relationship between the doctor and the patient the patient is entitled to rely on the doctor's assurances and that " 'facts which would ordinarily require investigation may not excite suspicion, and that the same degree of diligence is not required' " as where such relationship does not exist. (P. 777.) "If, however, the court can determine that the complaint may be amended to state a cause of action it would be an abuse of discretion to sustain the demurrer without leave to amend. (*Wennerholm* v. *Stanford Univ. School of Medicine,* 20 Cal.2d 713, 719 [128 P.2d 522, 141 A.L.R. 1358].)" (*Gaglione* v. *Coolidge,* 134 Cal.App.2d 518, 522 [286 P.2d 568].)

### AUGMENTATION

A motion to augment the record was heretofore granted by us, allowing defendants to file proceedings taken in the superior court to perpetuate testimony including the deposition of Thomas Arthur Taylor, reserving our ruling as to their relevancy. We now find that they are completely irrelevant to the issues before us and may not be considered. The evidence relates to the hospital records and apparently is offered to show that the decedent was a relatively young woman having no history of prior serious illness. Defendants

---

*The California cases so holding dealt with malpractice cases brought by the living. As heretofore shown, there is no reason why the same rule should not apply in actions under the wrongful death statute.

desire to argue therefrom that these facts put plaintiff on notice that required him to investigate immediately after her death whether her death might not have been the result of negligence and that because of his failure to investigate immediately the statute was not tolled. ■ Without discussing the merits of this contention we need only point out that in determining the sufficiency of the complaint it alone may be considered. In *Colm* v. *Francis,* 30 Cal.App. 742 [159 P. 237], where the correctness of the order of the trial court in sustaining a demurrer to a complaint was being considered and the respondent requested the court to consider certain documents, the court said (p. 752) : "It is only the statement of a proposition plainly within the realm of commonplaces to say that, in passing upon the question of the sufficiency or insufficiency of a complaint to state a cause of action, it is wholly beyond the scope of the inquiry to ascertain whether the facts stated are true or untrue. That is always the ultimate question to be determined by the evidence upon a trial of the questions of fact. Obviously, the complaint, when appropriately challenged, whether for want of sufficient facts or for an insufficient or inartificial statement of the facts, must stand or fall by its own force." (See also *Baker* v. *Littman,* 138 Cal.App.2d 510, 516 [292 P.2d 595].)

It was an abuse of discretion for the trial court to sustain the demurrer without giving plaintiff an opportunity to amend his complaint to set up more clearly the facts required to toll the statute of limitations. (See for such requirements *Original Min. & Mill. Co.* v. *Casad, supra,* 210 Cal. 71, 75.)

The judgment is reversed and the trial court is directed to permit the filing of an amended complaint in accordance with this opinion.

Peters, P. J., and Wood (Fred B.), J., concurred.