338 F.2d 160
 Earline ALLEN, as Administratrix of the estate of Jessie Delton Allen, deceased, and Earline Allen, individually, Appellant,
v.
The UNITED STATES of America, a sovereign nation, Appellee.
 No. 18749.
 United States Court of Appeals Ninth Circuit.
 November 5, 1964.
 
 Martin J. Jarvis and Marvin Stender, San Francisco, Cal., for appellant.
 Cecil F. Poole, U. S. Atty., Keith R. Ferguson, Sp. Asst. to Atty. Gen., Paul G. Sterling, Sp. Atty., Admiralty & Shipping Section, Dept. of Justice, San Francisco, Cal., Graydon S. Staring, Lillick, Geary, Wheat, Adams & Charles, San Francisco, Cal., for appellee.
 Before HAMLEY, JERTBERG and BROWNING, Circuit Judges.
 JERTBERG, Circuit Judge.
 
 
 1
 On July 19, 1963, the District Court ordered the dismissal of appellant's libel against the United States, upon the ground that the libel was not filed within the limitation period prescribed by Section 340(3) of the Code of Civil Procedure of the State of California.[1]
 
 
 2
 Appellant filed a timely appeal from such order. This court has jurisdiction to review such order pursuant to 28 U.S.C. § 1291.
 
 
 3
 Jurisdiction of the District Court was invoked under the Public Vessels Act [46 U.S.C. § 781]; the Suits in Admiralty Act [46 U.S.C. § 741 et seq.], and under the general Maritime Law, by a libel claiming damages against the United States for wrongful death arising out of injuries occurring in the territorial waters of the State of California.
 
 
 4
 The facts relevant to this appeal are not in dispute and may be summarized as follows: Appellant [libelant] is the widow of, and the administratrix of the estate of, Jessie Delton Allen, the decedent. The libel alleges that on July 18, 1961, decedent was employed by the Bethlehem Steel Corporation as a seaman, in the capacity of a ship's painter, and was at said time working aboard the U.S.N.S. GENERAL EDWIN D. PATRICK, a public vessel of the United States. The injuries occurred when the decedent fell from a scaffold while painting said vessel. The vessel was in drydock and undergoing repairs in the yard of decedent's employer, Bethlehem Steel Corporation. The decedent died as a result of said injuries on July 26, 1961. It is alleged that the injuries were caused by the negligence of the United States and the unseaworthiness of its vessel. On January 9, 1963, the libel herein was filed by the appellant, more than one year but less than two years from the date of decedent's death.
 
 
 5
 Appellant specifies that the District Court erred in holding that the one year limitation period set forth in § 340(3) of the Code of Civil Procedure of the State of California is applicable to the libel.
 
 
 6
 Before considering appellant's specification of error we shall briefly review relevant, well-established principles of Maritime Law:
 
 
 7
 No action for wrongful death will lie under general Maritime Law. The Harrisburg, 119 U.S. 199, 7 S.Ct. 140, 30 L.Ed. 358 (1886); The Tungus v. Skovgaard, 358 U.S. 588, 79 S.Ct. 503, 3 L.Ed.2d 524 (1959); Hess v. United States, 361 U.S. 314, 80 S.Ct. 341, 4 L.Ed.2d 305 (1960). Such an action must be based upon some applicable federal or state statute. The Harrisburg, supra; The Tungus v. Skovgaard, supra; Hess v. United States, supra. Federal statutes creating cause of action for wrongful death in admiralty are the Death on the High Seas Act [46 U.S.C. § 761 et seq.], and the Jones Act [46 U.S.C. § 688].
 
 
 8
 The Jones Act gives a seaman a right of action only against his employer. The Norland, 101 F.2d 967, 9 Alaska 471 (9th Cir. 1939); Cosmopolitan Shipping Co. v. McAllister, 337 U.S. 783, 69 S.Ct. 1317, 93 L.Ed. 1692 (1949).
 
 
 9
 The Death on the High Seas Act does not apply when death occurs within the territorial waters of a state. The Tungus v. Skovgaard, supra.
 
 
 10
 Where death results from a maritime tort committed on navigable waters within a state, whose statutes give a right of action on account of death by wrongful act, the admiralty courts will entertain a libel in personam for the damages sustained by those to whom such right is given. Hess v. United States, supra; Levinson v. Deupree, 345 U.S. 648, 73 S.Ct. 914, 97 L.Ed. 1319 (1953); Western Fuel Co. v. Garcia, 257 U.S. 233, 42 S.Ct. 89, 66 L.Ed. 210 (1921); United States v. Lauro, 330 U.S. 446, 67 S.Ct. 847, 91 L.Ed. 1011 (1947). Jurisdiction of such an action against the United States is founded upon the Public Vessels Act [46 U.S.C. §§ 781-790],[2] and the Suits in Admiralty Act [46 U.S.C. §§ 741-752].[3] American Stevedores v. Porello, 330 U.S. 446, 67 S.Ct. 847, 91 L.Ed. 1011 (1947).
 
 
 11
 The Public Vessels Act was only intended "to impose on the United States the same liability (apart from seizure or arrest under a libel in rem) as is imposed by the admiralty law on the private shipowner * * *." Weyerhaeuser S. S. Co. v. United States, 372 U.S. 597, 83 S.Ct. 926, 928, 10 L.Ed.2d 1 (1963); Canadian Aviator, Ltd. v. United States, 324 U.S. 215, 65 S.Ct. 639, 89 L.Ed. 901 (1945). It is not the purpose of the Public Vessels Act "to give rights of action against public vessels in cases not previously cognizable in admiralty against private vessels, the purpose of the Act being only to remove the defense of sovereign immunity." State of Maine v. United States, 1 Cir., 134 F.2d 574 (1943), C.D. 319 U.S. 772, 63 S.Ct. 1437, 87 L.Ed. 1720 (1943).
 
 
 12
 It is clear under the general principles of law above cited that no action for wrongful death will lie under the general Maritime Law and that it is well established that admiralty will recognize and enforce such a right of action when the act causing death occurs within the navigable waters of a state whose statutes give a right of action for wrongful death.
 
 
 13
 The law of California gives a right of action for wrongful death. [Code of Civil Procedure, § 377].[4]
 
 
 14
 Appellant concedes that the libel was not filed within the time required by § 340(3) of the California Code of Civil Procedure. Appellant contends, however, that the applicable limitations period was not the one year period set forth in § 340(3), but is the two year limitation set forth in the Suits in Admiralty Act [46 U.S.C. § 745].
 
 
 15
 We are of the opinion that the District Court properly dismissed appellant's libel on the ground that appellant's cause of action was barred by the provisions of § 340(3) of the California Code of Civil Procedure, and since that court expressed its conclusion on this point in a thorough and carefully reasoned, unreported memorandum with which we agree, we include in this opinion the hereinafter quoted portion of that memorandum.
 
 
 16
 "Although it has been held that the limitations period of the Suits in Admiralty Act is incorporated by reference into the Public Vessels Act, for certain purposes (Phalen v. United States, 32 F.2d 687 (2d Cir. 1929)), it has also been held that the state statute of limitations applies when the admiralty court is proceeding under a state created cause of action for wrongful death.
 
 
 17
 "This has been specifically held in Western [Fuel Co.] v. Garcia, supra," [257 U.S. 233, 42 S.Ct. 89 1921)],[5] "(a maritime wrongful death suit between private parties), and in California Casualty [In dem. Exchange] v. United States, 74 F. Supp. 401 (S.D.Cal.1947), (a similar suit against the United States, under the Public Vessels Liability Act).
 
 
 18
 "Each of these wrongful death cases involved the identical California Statute of Limitations here in question. (See also: Mejia v. United States, 152 F.2d 686 (5th Cir. 1945); The Tungus v. Skovgaard, 358 U.S. 588, 592 [79 S.Ct. 503] (1958); Hess v. United States, 361 U.S. 314, 320 [80 S.Ct. 341] (1959); Continental Casualty [Co.] v. The Benny Skou, 200 F.2d 246 (4th Cir. 1952); McMahon v. Pan-American [World Airways, Inc.], 297 F.2d 268 (5th Cir. 1962)).
 
 
 19
 "The rationale of these cases is that in actions for wrongful death brought in admiralty in which the Court must look to and follow a state created right of action for such death, the Court must adopt and enforce such right as an integrated whole with whatever conditions and limitations the creating state has attached.
 
 
 20
 "Libelant relies on State of Maryland [to Use of Burkhardt] v. United States, 165 F.2d 869 [1 A.L.R.2d 213] (4th Cir. 1947), a non-maritime action for wrongful death brought under the Federal Tort Claims Act, 28 U.S.C. Sec. 1346(b), which authorizes actions for damages against the United States in tort cases where the United States, if a private person, would be liable to the claimant under the law of the place where the act or omission occurred.
 
 
 21
 "It was held that for reasons of statutory interpretation the limitations period of the Tort Claims Act, itself, rather than the state limitations period, is applicable to such suits. (See also, Sweet v. United States, 71 F.Supp. 863 (S.D.Cal. 1947)).
 
 
 22
 "In State of Maryland, supra, [165 F.2d] at 874 however, the Court citing Mejia v. United States, supra, noted that a different rule is applicable to maritime wrongful death actions for the reason that admiralty may not adopt a state law without adopting its limitations and conditions.
 
 
 23
 "Libelant further argues that the cases which have established this admiralty rule (The Harrisburg, supra, [119 U.S. 199, 7 S.Ct. 140 (1886)], Western [Fuel Co.] v. Garcia, supra, Mejia v. United States, supra) contain language indicating that their holdings were based upon the ground that the state statutes of limitations there involved were deemed to be limitations upon the right of action, itself, as distinguished from bar to the remedy.
 
 
 24
 "Libelant points out that the California Court in Wogelmuth [Wohlgemuth] v. Meyer [139 Cal.App.2d 326], 293 P.2d 816 (D.C.A.1956) has held that its wrongful death one year limitation statute, C.C.P. Sec. 340(3), being a bar to the remedy, rather than a limitation upon the right of action itself, and being therefore, procedural, can be tolled for reasons that would toll other statutes of limitation.
 
 
 25
 "However, the mere description of a state statute of limitations as procedural for some purpose is not necessarily a determination of the question whether a federal or a state rule of limitation should apply when the federal court's adjudication is dependent on the existence of a state created right. The real test is not whether a state statute of limitations is deemed a matter of procedure in some sense, but whether such a statute concerns merely the manner and the means by which a right to recover, as recognized by the state, is enforced or whether such statutory limitation is a matter of substance in the aspect relevant to a particular problem, namely, does it significantly affect the result of litigation for a federal court to disregard a law of a state that would be controlling in an action upon the same claim by the same parties as a state court. (Guaranty Trust [Co.] v. York, 326 U.S. 99 [65 S.Ct. 1464, 89 L.Ed. 2079] (1945)).
 
 
 26
 "Although the pending suit is not a diversity case, as was Guaranty, it is a suit in which the federal court sitting in admiralty, is dependent for its adjudication upon a state created right of action for wrongful death. The foregoing test is, therefore, applicable and, when applied it leads to only one conclusion, namely, that the California limitations statute, which is certainly a bar to the remedy (absent circumstances tolling it) does significantly affect the result of litigation and is not of a mere remedial character. Therefore, admiralty, which under the decisions `must enforce the right as an integrated whole with whatever conditions and limitations the creating state has attached', (Tungus v. Skovgaard, supra) must apply the state statute of limitations applicable to the state created wrongful death right of action."
 
 
 27
 The order of the District Court is affirmed.
 
 
 
 Notes:
 
 
 [1]
 § 312, California Code of Civil Procedure
 "Civil actions, without exception, can only be commenced within the periods prescribed in this title, after the cause of action shall have accrued, unless where, in special cases, a different limitation is prescribed by statute."
 "§ 335. PERIODS OF LIMITATION PRESCRIBED. The periods prescribed for the commencement of actions other than for the recovery of real property, are as follows:"
 "§ 340. One year
 "1. * * *.
 "2. * * *.
 "3. * * *. An action for * * * the death of one caused by the wrongful act or neglect of another, * * *."
 
 
 [2]
 46 U.S.C. § 781:
 "A libel in personam in admiralty may be brought against the United States, * * *, for damages caused by a public vessel of the United States, * * *." 46 U.S.C. § 782:
 "Such suit shall be brought in the district court of the United States for the district in which the vessel * * * charged with creating the liability is found within the United States, * * *. Such suits shall be subject to and proceed in accordance with the provisions of chapter 20 of this title or any amendment thereof, insofar as the same are not inconsistent herewith, * * *."
 
 
 [3]
 46 U.S.C. § 745:
 "Suits as authorized by this chapter may be brought only within two years after the cause of action arises: * * *."
 
 
 [4]
 C.C.P. § 377:
 "When the death of a person not being a minor, * * * is caused by the wrongful act or neglect of another, his heirs or personal representatives may maintain an action for damages against the person causing the death * * *."
 
 
 [5]
 On certificate from and certiorari to the Court of Appeals for the Ninth Circuit, and reversing, see Western Fuel Co. v. Garcia, 255 F. 817 (1919) and 260 F. 839 (1919). In both cases the Ninth Circuit held: (See 255 F. at page 820):
 "The right of action for the death of the deceased being given by a statute of the state, a court of admiralty will enforce it (authorities supra), but enforce it in accordance with the recognized principles of maritime law, unaffected by the provisions of any state or local law. Otherwise one admiralty court might readily be required to rule one way upon a certain state of facts, and another to rule another way upon a precisely similar state of facts, depending upon conflicting state or local laws, thus working the practical destruction of a uniform maritime law."