**Ida M. KUNKEL, as Administratrix of the Estate of Louis Ernest Kunkel, deceased, and Ida M. Kunkel, individually, Plaintiffs,**

**v.**

**UNITED STATES of America, Defendant and Third Party Plaintiff,**

**and**

**Twentieth Century-Fox Film Corporation, Third Party Defendant.**

**Civ. No. 17858.**

United States District Court
S. D. California, Central Division.

May 2, 1956.

John R. Allport and John T. LaFollette, Los Angeles, Cal., for plaintiff.

Laughlin E. Waters, U. S. Atty., Max F. Deutz, Asst. U. S. Atty., Keith R. Ferguson, Sp. Asst. to the Atty. Gen., for defendant and third party plaintiff United States.

Betts, Ely & Loomis, Los Angeles, Cal., for third party defendant.

MATHES, District Judge.

By this action at law plaintiffs, widow and administratrix, seek recovery from the Government of damages for the alleged wrongful death of Louis Ernest Kunkel on the high seas.

The case is now before the court upon the Government's motion to dismiss on the grounds that: (1) "this Court lacks jurisdiction over the defendant in that there is no act of Congress alleged or existing granting the plaintiffs or either

of them a right of action against the United States for death on the high seas"; and (2) "this Court lacks jurisdiction over the subject matter of this action in that the plaintiff has alleged the death occurred on the high seas, describing the latitude and longitude which is more than one marine league from the shore of any state, territory or dependencies of the United States, for which death there is no statute allowing recovery for death, of which this Court has jurisdiction."

Plaintiffs invoke Federal jurisdiction under 28 U.S.C. § 1346(b), and allege that "this action is brought under the Federal Tort Claims Act * * *." 28 U.S.C. §§ 2671–2680.

Section 2674 of Title 28 of the United States Code provides that: "The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances * * *."

The *lex loci delictus* is in effect incorporated into the Federal statute, enabling the Federal courts to refer to the common law and statutes of the State or Territory "where the act or omission occurred", 28 U.S.C. §§ 1346(b), 2674, in order to determine with respect to situations not expressly covered by the Act: (a) what acts or omissions are negligent or wrongful and hence actionable; (b) who is entitled to maintain the action; and (c) what is the measure and extent of the recovery. United States v. Inmon, 5 Cir., 1953, 205 F.2d 681, 684; Ford v. United States, 10 Cir., 1952, 200 F.2d 272, 274; State of Maryland v. United States, 4 Cir., 1947, 165 F.2d 869, 871; cf. Uravic v. Jarka Co., 1931, 282 U.S. 234, 240, 51 S.Ct. 111, 75 L.Ed. 312.

As the Supreme Court has pointed out: "It is settled that at common law no private cause of action arises from the death of a human being. * * * The right of action * * * depends wholly upon statutory authority." Panama R. R. Co. v. Rock, 1924, 266 U.S. 209, 211, 45 S.Ct. 58, 69 L.Ed. 250.

In the complaint at bar it is in effect alleged that the claimed tort occurred on the high seas, beyond the three-mile limit of territorial waters or, as the Government puts it, "more than one marine league from the shore of any state, territory or dependencies of the United States."

And it has long been held that in the absence of Act of Congress giving a right of action therefor, a suit in admiralty cannot be maintained to recover damages for the death of a human being on the high seas, which is caused by negligence. The Harrisburg, 1886, 119 U.S. 199, 213, 7 S.Ct. 140, 30 L.Ed. 358.

We must look then to the only applicable Federal statute, the Death on the High Seas Act, 1920, 41 Stat. 537, 46 U.S.C.A. §§ 761–767, for "the law of the place where the act or omission occurred."

Section 1 of that Act provides that: "Whenever the death of a person shall be caused by wrongful act, neglect, or default occurring on the high seas beyond a marine league from the shore of any State * * * or the Territories or dependencies of the United States, the personal representative of the decedent may maintain a suit for damages in the district courts of the United States, in admiralty, for the exclusive benefit of the decedent's wife, husband, parent, child, or dependent relative against the vessel, person, or corporation which would have been liable if death had not ensued." 46 U.S.C.A. § 761.

"If death had not ensued", liability for negligent act or omission on the high seas could only arise under general maritime law. As said in The Plymouth, 1865, 3 Wall. 20, 70 U.S. 20, 18 L.Ed. 125: "The jurisdiction of the admiralty does not depend upon the fact that the injury was inflicted by the vessel, but upon the locality—the high seas, or navigable waters where it occurred. Every species of tort, however occurring, and whether on board a vessel or not, if upon

the high seas or navigable waters, is of admiralty cognizance." 70 U.S. at page 36.

For reasons well stated by Judge Goodman in Wilson v. Transocean Airlines, D.C.N.D.Cal.1954, 121 F.Supp. 85, the statutory cause of action given by the Death on the High Seas Act is enforceable only in admiralty. See: Higa v. Transocean Airlines, 9 Cir., 230 F.2d 780 on rehearing at page 786; Iafrate v. Compagnie Generale Transatlantique, D.C.S.D.N.Y.1952, 106 F.Supp. 619; cf. Moran v. United States, D.C.Conn.1951, 102 F.Supp. 275.

As Chief Judge Denman put it in Higa v. Transocean Airlines, supra [230 F.2d 785], "the Death on the High Seas Act creates the right to recover for wrongful death and designates not only the federal court for its enforcement, but a particular jurisdiction of that court."

Accordingly it was held in the Higa case that the cause of action for wrongful death on the high seas given by the Act is not maintainable at law, but only "in admiralty"; for as said in Galveston H. & S. A. Ry. Co. v. Wallace, 1912, 223 U.S. 481, 32 S.Ct. 205, 56 L.Ed. 516: "Where the statute creating the right provides an exclusive remedy, to be enforced in a particular way, or before a special tribunal, the aggrieved party will be left to the remedy given by the statute which created the right." 223 U.S. at page 490, 32 S.Ct. at page 206.

Section 1333(1) of Title 28 of the United States Code declares that: "The district courts shall have original jurisdiction, exclusive of the courts of the States, of: Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled."

Hence § 1333(1) of Title 28 confers upon this court, "in admiralty", exclusive jurisdiction of causes of action arising under the Death on the High Seas Act. Cf. Panama R. R. Co. v. Johnson, 1924, 264 U.S. 375, 385–389, 44 S.Ct. 391, 68 L.Ed. 748.

Furthermore, § 1346(b) of Title 28 confers upon this court "exclusive jurisdiction of civil actions on claims against the United States, for money damages * * * for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

The jurisdiction conferred by § 1346(b) is broad enough then to sustain an action to enforce a tort claim, whether asserted at law or in admiralty. Moran v. United States, supra, 102 F.Supp. at page 278.

There remains the question whether the Government as sovereign has consented to be sued in this court on the claim here asserted, and that question is answered affirmatively by the Federal Tort Claims Act. See 28 U.S.C. § 2674. For reasons already stated, however, the Government's consent to be sued on claims asserted under the Death on the High Seas Act must be considered as limited to suits in admiralty.

Also to be noted is the circumstance that causes of action on such claims are given by the Act to "the personal representative of the decedent" alone. For were it not for the fact that here the widow too is joined in her personal capacity as party plaintiff, it would be a simple matter to transfer this case to the admiralty docket. Cf. Higa v. Transocean Airlines, supra, on rehearing, 230 F.2d 786; Koblikin v. Pillsbury, 9 Cir., 1939, 103 F.2d 667, 670–671, affirmed, 1940, 309 U.S. 619, 60 S.Ct. 465, 84 L.Ed. 983.

Against the contention that the difference between the "law side" and the "admiralty side" of the court is of no material consequence, that the difference between an action at law and a suit in admiralty is but a mere technicality, stands the rejoinder of the venerated

law professor that the distinction may be so considered "if one can consider the difference between a boy and a girl to be but a mere technicality."

There is indeed much to be said for keeping the distinction true, in order that all may know when the maritime law is to rule decision, when admiralty procedure is to rule the course of the cause through the court. See: Pope & Talbot, Inc., v. Hawn, 1952, 346 U.S. 406, 410 note 4, 411, 74 S.Ct. 202, 98 L.Ed. 143; cf. Williams v. Tidewater, etc., Oil Co., 9 Cir., 1955, 227 F.2d 791, certiorari denied 1956, 350 U.S. 960, 76 S.Ct. 348; and Higa v. Transocean Airlines, supra, 230 F.2d 780; Doucette v. Vincent, 1 Cir., 1952, 194 F.2d 834, 839–846; Jansson v. Swedish American Line, 1 Cir., 1950, 185 F.2d 212, 30 A.L.R.2d 1385; Jordine v. Walling, 3 Cir., 1950, 185 F.2d 662.

Inescapable truth compels recognition that the inherent and fundamental difference between actions at law and suits in admiralty can never be ignored; and no legislative fiat or judicial indecision can wipe the distinction out.

The problem brings to mind timeless comments by Dean Ames on the so-called fusion of law and equity: "The advantages of vesting a court with both legal and equitable powers are not to be denied. But when the doctrines of equity are no longer administered in a separate court, it is all the more important not to lose sight of the fundamental distinction between law and equity,—a distinction as eternal as the difference between rights *in rem* and rights *in personam*." [Note, 4 Harv.L.Rev. 394, 395 (1891); see Scott and Simpson, Cases and Other Materials on Civil Procedure, 232–249 (1951).]

 Since the Government has consented to be sued and to be liable only "under circumstances where * * * a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred" 28 U.S.C. §§ 1346(b), 2674, and "the place" is the high seas, and "the

law" is the Death on the High Seas Act giving an actionable claim only "in admiralty", it follows that this action at law must be dismissed for want of jurisdiction over the person of defendant United States of America. Fed.R.Civ. Proc.Rule 12(b) (2), 28 U.S.C.A.

This dismissal shall not of course constitute an adjudication upon the merits, Fed.R.Civ.Proc. Rule 41(b), 28 U.S.C.A., and the judgment of dismissal shall so declare.