Dorothy WEINSTEIN, Executrix of the Estate of Ralph Weinstein, Deceased

v.

UNITED STATES of America, Eastern Airlines, Inc., General Motors Corporation and Lockheed Aircraft Corporation.

Thelma P. FREEMAN and Provident Tradesmens Bank and Trust Company, Co-Executors of the Estate of Addison B. Freeman, Jr., Deceased

v.

UNITED STATES of America, Eastern Airlines, Inc., General Motors Corporation and Lockheed Aircraft Corporation.

Mary B. GRICE, Executrix of the Estate of David S. Grice, Deceased

v.

UNITED STATES of America, Eastern Airlines, Inc., General Motors Corporation and Lockheed Aircraft Corporation.

Diane BRAFF, Administratrix ad Prosequendum and as General Administratrix of the Estate of Bernard Jay Braff, Deceased

v.

UNITED STATES of America, Eastern Airlines, Inc., General Motors Corporation and Lockheed Aircraft Corporation.

Edna E. LONG and Laura Manney, Administratrices of the Estate of Shirley E. Reitz, Deceased

v.

UNITED STATES of America, Eastern Airlines, Inc., General Motors Corporation and Lockheed Aircraft Corporation.

Attilio E. ABATE, Administrator of the Estate of Frederick N. Abate, Deceased

v.

UNITED STATES of America, Eastern Airlines, Inc., General Motors Corporation and Lockheed Aircraft Corporation.

Nos. 321, 323, 325, 327, 329, 335 of 1961.

United States District Court
E. D. Pennsylvania.

Dec. 12, 1961.

Milton M. Borowsky, Philadelphia, Pa., for all libellants.

J. Shane Creamer, Asst. U. S. Atty., Philadelphia, Pa., and Max L. Kane, U. S. Department of Justice, Washington, D. C., for United States.

Robert E. Jones, Philadelphia, Pa., for Eastern Airlines.

Owen B. Rhoads, and Arthur E. Newbold, 3rd, Philadelphia, Pa., for General Motors.

Sidney L. Wickenhaver, Philadelphia, Pa., for Lockheed Aircraft.

VAN DUSEN, District Judge.

These admiralty actions are before the court on exceptive allegations filed by respondent, United States of America, and arise out of the crash of an airplane in navigable waters of Boston Harbor one minute after lift-off from Logan International Airport, Boston, on October 4, 1960, allegedly due to the negligence of the agents, servants and employees of the United States of America and resulting in the death of libellants' decedents, who were passengers for hire on such plane. Since the libellants concede that they rely on the Federal Tort Claims Act, Act of 8/2/46, c. 753, 60 Stat. 843, as the basis of this court's jurisdiction and that Act only gives this court jurisdiction over civil actions, the exceptive allegations must be sustained for lack of jurisdiction [1] and it is not necessary to consider the other grounds relied on by this respondent. See Steamtug Aladdin, Inc. v. City of Boston, 163 F.Supp. 499 (D.Mass.

1958), and Cornell Steamboat Company v. United States, 138 F.Supp. 16, 19 (S.D.N.Y.1956); [2] cf. Forgione v. United States, 202 F.2d 249, 252 (3rd Cir. 1953), cert. den. 345 U.S. 966, 73 S.Ct. 950, 97 L.Ed. 1384 (1953).

The Federal Tort Claims Act is found in 28 U.S.C.A. § 1346(b), § 2402, and §§ 2671–2680. 28 U.S.C.A. § 1346(b) provides:

"Subject to the provisions of chapter 171 [3] of this title, the district courts * * * shall have exclusive jurisdiction of *civil actions* on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government * * *." (Emphasis supplied.)

A "civil action" is the one form of action brought under the Federal Rules of Civil Procedure (F.R.Civ.P. 1, 28 U.S.C.A.), which were in effect when Congress enacted the Federal Tort Claims Act in 1946,[4] and F.R.Civ.P. 81 (a)1 provides "These rules do not apply to proceedings in admiralty." [5] In view

1. The libellants have filed civil actions based on the same claims stated in these admiralty actions in this court against respondent, United States of America, docketed as Civil Actions Nos. 30302 to 30307, inclusive, so that this ruling will not deprive them of the only remedy which they assert—namely, causes of action under the Federal Tort Claims Act. Cf. Cornell Steamboat Co. v. United States, 138 F.Supp. 16 (S.D.N.Y. 1956).

2. In this case, the court said at page 19, "Such a claim (under the Federal Tort Claims Act) is not cognizable in admiralty * * *."

3. This chapter includes 28 U.S.C.A. §§ 2671–2680, which refer in several places to 28 U.S.C.A. § 1346(b).

4. The above-mentioned Act of 8/2/46, 60 Stat. 843, contained this language:
"In actions under this part [Part 3 of the Federal Tort Claims Act, entitled

'Suits on Tort Claims Against the United States'], the forms of process, writs, pleadings, and motions, and the practice and procedure, shall be in accordance with the rules promulgated by the Supreme Court pursuant to the Act of June 19, 1934 [this Act (Chapter 651, 48 Stat. 1064) refers only to civil actions] * * *."
In Moran v. United States, 102 F.Supp. 275 at page 278, (D.Conn.1951), the court said:
"* * * it was clearly within the power of Congress to provide, as it did in Sec. 411 of the Original Act, that in the enforcement of the government's liability for the tort of an employee, * * * the procedure to be used should be the Federal Rules of Civil Procedure which had been so shaped as to be peculiarly appropriate for the trial of torts involving the negligence of employees."

5. It is noted that Moran v. United States, 102 F.Supp. 275, 278 (D.Conn.1951),

of the foregoing language, it is clear that Congress provided that district courts had jurisdiction only of suits filed under the Federal Tort Claims Act as civil actions, and the United States of America has not consented to be sued in any other way[6] in suits based on the factual situation set forth in these Libels. In the Steamtug Aladdin, Inc, case, supra, Judge Wyzanski used this language 163 F.Supp. at page 501:

"Yet absent a statute, this duty, while it rests on others, could not be imposed upon the United States,—it, as a sovereign, being immune both from any obligation in tort, and from any remedy sought against it either in admiralty or at common law. Thus the question is whether such a statute exists. No statute has imposed upon the United States any obligation *in admiralty,* or any remedy pursuable in the admiralty jurisdiction. However, tort obligations *at law,* parallel to those resting upon private persons, have been not only imposed upon the United States but also made enforceable in civil actions by injured parties against the United States. This is the obvious purport of the Federal Tort Claims Act. Hence the allegations in the libel that the United States was in control of the bridge and allowed loose timbers to protrude therefrom causing injury to the claimant are adequate to sustain a civil action, but not an admiralty suit."

It is noted that libellants concede at page 24 of their brief (Document No. 23) that "technically there does not exist the proper venue in three of the Libels," namely, Abate, etc. v. United States, et al., Braff, etc. v. United States et al., and Long et al., etc. v. United States et al.

cited at the bottom of page 8, and all the cases on page 9 of libellants' brief (Document No. 23) involved Civil Actions, as opposed to Admiralty Actions. In the Moran case, the court said, at p. 278, "the remedy provided for these new rights (under the Federal Tort Claims Act) was at law—not in admiralty."

### Order

And Now, December 12, 1961, It Is Ordered that the Exceptions Of Respondent United States of America in the above-captioned admiralty actions are Sustained, and these actions, insofar as they have been brought against the United States of America, respondent, are Dismissed, without prejudice.

6. Cases cited by the libellants, such as United States v. Matson Navigation Co., 201 F.2d 610, 616 (9th Cir. 1953), recognize that "the United States, as a sovereign, is immune from suit except to the extent and under the condition to which it gives its consent." See, also, United States v. Sherwood, 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941).